CANNON MANUFACTURING COMPANY *v.*
CUDAHY PACKING COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 255. Argued January 28, 1925.—Decided March 2, 1925.

1. Defendant, a Maine corporation, marketed its products in North Carolina through a subsidiary, an Alabama corporation which it completely dominated through stock ownership and otherwise, but a distinct corporate entity which did not act as the defendant's agent but bought the defendant's goods and sold them to dealers to be shipped directly from the defendant. *Held,*

(a) That the defendant corporation did not thereby do business in North Carolina so as to be present there and suable in the federal court. P. 334.

(b) That the concentration of the Alabama corporation's stock in the defendant's single ownership and the legal consequences of this under the Alabama law did not have the effect of rendering its business in North Carolina the business of the defendant for purposes of jurisdiction. P. 337.

292 Fed. 169, affirmed.

APPEAL from a judgment dismissing an action on contract for want of jurisdiction over the defendant corporation.

*Mr. C. W. Tillett, Jr.,* with whom *Mr. E. T. Cansler* and *Mr. C. W. Tillett* were on the brief, for plaintiff in error.

*Mr. J. Harry Covington,* with whom *Mr. Thomas Creigh, Mr. R. B. Webster, Mr. Frank M. Shannonhouse* and *Mr. John M. Robinson* were on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Cannon Manufacturing Company, a North Carolina corporation, brought, in a court of that State, this action against Cudahy Packing Company, a Maine corporation, for breach of a contract to purchase cotton sheeting for use in packing meat. The defendant appeared specially for the purpose of filing a petition for removal to the federal court for western North Carolina; and the order of removal issued. In that court the defendant, appearing specially, moved that the summons be set aside and the action dismissed for lack of jurisdiction. The ground of the motion was that the defendant was not doing business within the State and had not been served with process. The only service made was, as the sheriff's return recites, the delivery of a copy of the " summons and complaint to Cudahy Packing Company of Alabama, agent of defendant, Frank H. Ross, to whom papers were delivered, being process agent of Cudahy Company of Alabama." The District Court, concluding upon the evidence that the defendant was not present in North Carolina, entered a final judgment dismissing the action. 292 Fed. 169. The case is here under §, 238 of the Judicial Code, the question of jurisdiction having been duly certified.

The main question for decision is whether, at the time of the service of process, defendant was doing business within the State in such a manner and to such an extent

as to warrant the inference that it was present there. *Bank of America* v. *Whitney Central National Bank,* 261 U. S. 171. In order to show that it was, the plaintiff undertook to establish identity *pro hac vice* between the defendant and the Alabama corporation. The Alabama corporation, which has an office in North Carolina, is the instrumentality employed to market Cudahy products within the State; but it does not do so as defendant's agent. It buys from the defendant and sells to dealers. In fulfilment of such contracts to sell, goods packed by the defendant in Iowa are shipped direct to dealers; and from them the Alabama corporation collects the purchase price. Through ownership of the entire capital stock and otherwise, the defendant dominates the Alabama corporation, immediately and completely; and exerts its control both commercially and financially in substantially the same way, and mainly through the same individuals, as it does over those selling branches or departments of its business not separately incorporated which are established to market the Cudahy products in other States. The existence of the Alabama company as a distinct corporate entity is, however, in all respects observed. Its books are kept separate. All transactions between the two corporations are represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations. This corporate separation from the general Cudahy business was doubtless adopted solely to secure to the defendant some advantage under the local laws.

The objection to the maintenance of the suit is not procedural—as where it is sought to defeat a suit against a foreign corporation on the ground that process has been served upon one not authorized to act as its agent. *Pennsylvania Lumbermen's Mutual Fire Insurance Co.* v. *Meyer,* 197 U. S. 407; *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218, 226. See *Philadelphia & Read-*

*ing Ry. Co.* v. *McKibben,* 243 U. S. 264. The obstacle insisted upon is that the court lacked jurisdiction because the defendant, a foreign corporation, was not within the State. No question of the constitutional powers of the State, or of the federal Government, is directly presented. The claim that jurisdiction exists is not rested upon the provisions of any state statute or upon any local practice dealing with the subject. The resistance to the assumption of jurisdiction is not urged on the ground that to subject the defendant to suit in North Carolina would be an illegal interference with interstate commerce. Compare *International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 587–9. The question is simply whether the corporate separation carefully maintained must be ignored in determining the existence of jurisdiction.

The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the State in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. *Bank of America* v. *Whitney Central National Bank,* 261 U. S. 171. It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one State shall be amenable to suit in the federal court for another State in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. Compare *Lumiere* v. *Mae Edna Wilder, Inc.,* 261 U. S. 174, 177–8. That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406, 409–11; *Peterson* v. *Chicago, Rock Island & Pacific Ry. Co.,* 205 U. S. 364; and *People's Tobacco Co., Ltd.* v. *American Tobacco Co.,* 246 U. S. 79, 87. In the case at bar, the identity of interest may have been more complete and the exercise of control over the subsidiary

more intimate than in the three cases cited, but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real. It was not pure fiction. There is here no attempt to hold the defendant liable for an act or omission of its subsidiary or to enforce as against the latter a liability of the defendant. Hence, cases concerning substantive rights, like *Hart Steel Company* v. *Railroad Supply Co.*, 244 U. S. 294; *Chicago, etc. Ry. Co.* v. *Minneapolis Civic Association*, 247 U. S. 490; *Gulf Oil Corp.* v. *Lewellyn*, 248 U. S. 71; and *United States* v. *Lehigh Valley R. R. Co.*, 254 U. S. 255, have no application.

The plaintiff contends, on a further ground, that the defendant was present in North Carolina. The argument is that there is no such thing as a corporation sole under the laws of Alabama; that three stockholders are necessary in order to sustain the existence of a corporate entity; that where the number of members falls below three the entity falls into a state of suspense; that the defendant, in fact, owned all the stock in the Alabama corporation; that the directors of the latter could not have been *bona fide* directors because not stockholders; that its franchise was suspended, *First National Bank of Gadsden* v. *Winchester*, 119 Ala. 168; and that therefore what was done in North Carolina must have been done by the defendant. No Alabama case has been cited, or found, which determines the effect, in that State, of such alleged suspense. Nor has any case been cited, or found, which determines what would be its effect under the law of North Carolina. It is not contended that the Alabama corporation was dissolved *ipso facto* by this concentration of its stock—or that its property became, in law, that of the defendant. It may be that upon the concentration of its stock in the hands of the defendant, the franchise of the Alabama corporation became subject to

forfeiture in a judicial proceeding by the State; or that thereby its status was reduced from a corporation *de jure* to one *de facto.* But whatever might be other legal consequences of the concentration, we cannot say that for purposes of jurisdiction, the business of the Alabama corporation in North Carolina became the business of the defendant.

*Affirmed.*