KINGS COUNTY DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46759. Promulgated April 26, 1933.

*Wallace Sheehan, Esq., T. T. C. Gregory, Esq.,* and *Kenneth N. Logan, C. P. A.,* for the petitioner.

*W. F. Wattles, Esq.,* for the respondent.

OPINION.

SMITH: The Commissioner determined a deficiency of $11,843.17 in the petitioner's income tax for 1926, and an overassessment of $1,886.52 for 1927. At the hearing, the petitioner conceded that the Board had no jurisdiction of the overassessment and, in so far as the petition relates to the taxable year 1927, it will be dismissed.

The facts set forth in the stipulation of the parties are incorporated herein by reference. The facts necessary to an understanding of the issue for determination have been succinctly stated by the respondent as follows:

Petitioner is a corporation organized under the laws of the State of California in 1905 and engaged in the business of buying large tracts of arid and swamp lands situated in California, developing them for agricultural purposes, and finally selling them in small parcels. In 1905 petitioner acquired extensive areas of land adjacent to Tulare Lake in Kings County, California, which land when acquired was not suitable for agricultural purposes. The petitioner started to reclaim the lands by constructing levees, dykes, pumping plants, irrigation ditches, etc.

During the years 1925 and 1926 there were organized, under and by virtue of the reclamation laws of the State of California, two districts which are known as Delta Lands Reclamation District No. 770 and North Central Reclamation District No. 2071.

In 1926 petitioner sold certain rights of way, levees, etc., which had cost it $30,548.40 to the Delta Lands Reclamation District No. 770 for $95,134.10 in warrants of that district and certain other rights of way, levees, etc., which had cost $41,558.80 to the North Central Reclamation District No. 2071 for $77,-187.75 in warrants of that district. At the time of the sale petitioner owned 78.946 per cent of all the land in District No. 770 and 75.114 per cent of all the land in District No. 2071.

In computing its income for the year 1926 petitioner did not return as taxable income the total difference between cost of the assets sold and the amount received therefor, but returned as taxable income only a certain percentage of the difference between cost and selling price. The percentages used by petitioner, of 21.055 on the sale made to Delta Lands Reclamation District No. 770 and 24.886 on the sale made to the North Central Reclamation District No. 2071, represent the percentage of land in each district owned by other land owners.

There is no dispute as to the petitioner's cost or the sale price received for the assets sold. The amounts were stipulated. The petitioner has not challenged the Commissioner's determination that the warrants of the reclamation districts, which the petitioner received upon the two sales in 1926 were worth face value. There was no evidence that the March 1, 1913, value of any of the properties sold varied from their cost to petitioner.

The sale of the petitioner's property to the reclamation districts may be better visualized by the following computation, based upon the stipulated facts, with respect to the sale to Delta Lands Reclamation District No. 770:

Petitioner sold rights of way containing 311.52 acres of land at $75 per acre, and 717,701 cubic yards in levees in place at 10¢ per cubic yard, for a total cost of_____ $95,134.10

The cost of these properties was:

| | |
|---|---|
| Levees_____ | $24,318.00 |
| Rights of way_____ | 6,230.40 |
| Total cost_____ | 30,548.40 |

Difference _____ 64,585.70

Under section 202 (a) of the Revenue Act of 1926 "the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204." There is no dispute here as to the cost being the proper basis upon which to compute the gain realized by the taxpayer. But the petitioner contends that it realized no taxable gain from these sales because of its ownership of lands in the respective reclamation districts; for it "in effect so controlled said districts as to make them subsidiaries of the taxpayer." In support of this contention the petitioner cites *Rindge Land & Navigation Co.*, 2 B. T. A. 1179, and *California Delta Farms, Inc.*, 6 B. T. A. 1301, wherein the Board held that the respective taxpayers realized no taxable gains from similar transactions because the respective reclamation districts consisted solely of lands of the respective taxpayers.

Reclamation districts are provided for in sections 3446 to 3493, inclusive, of the Political Code of California (Deering, 1923). In *Metcalfe* v. *Merritt*, 14 Cal. A. 244; 111 Pac. 505, the court held that:

A reclamation district is a public, as distinguished from a private, corporation, acting as a state agency invested with limited powers, but it is not a

municipal corporation possessing in any degree general powers of government, though, within the limits of the authority granted to it, it exercises public functions.

Under the above provisions of the Political Code of California, reclamation districts, duly organized, as were those involved in this proceeding, are authorized to do all acts necessary to the accomplishment of the purpose for which they are organized. The district acts through its trustees. It may acquire property, as in this case, and levy assessments against the land within its boundaries for its expenses, including the expense of acquiring property such as was purchased from this petitioner. Such districts are separate and distinct legal entities from the land owners within the district, see Metcalfe v. Merritt, supra, and such distinctions may not be ignored. Burnet v. Commonwealth Improvement Co., 287 U. S. 415; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333.

The petitioner argues that it returned the warrants received in payment for the rights of way and levees sold to the respective reclamation districts in part payment of the assessments against its lands within the respective districts, and that it could not realize a profit upon the sales in question. It is to be noted that the assessments were not against the property sold, but against the land retained. Under the statute (section 234 (a) (3) of the Revenue Act of 1926) and regulations (article 133, Regulations 69) such payments are not deductible as taxes paid, but are treated as capital expenditures, increasing the cost of the land retained.

The facts in this proceeding are different from those which obtained in the Rindge Land & Navigation Co. and the California Delta Farms, Inc., cases, supra. The petitioner owned less than 80 per cent of the land in the reclamation districts while in those cases the reclamation districts consisted solely of lands of the respective taxpayers. The petitioner contends, however, that the same principle applies here as there. This is not necessarily so. We are of the opinion that the petitioner is liable to income tax upon the profit made by it, under Burnet v. Commonwealth Improvement Co., supra.

Reviewed by the Board.

*Judgment will be entered for the respondent.*