168

BENEFICIAL INDUSTRIAL LOAN COR-
PORATION et al. v. KLINE et al.
Civ. No. 104.

District Court, N. D. Iowa, W. D.
May 12, 1942.

See, also, 41 F.Supp. 854.

J. R. McManus and M. H. Johnson, both of Des Moines, Iowa, and D. M. Kelleher, of Fort Dodge, Iowa, for plaintiffs.

John M. Rankin, Atty. Gen., and Floyd Philbrick, 1st Asst. Atty. Gen., for defendant Melvin W. Ellis, Superintendent of Banking of Iowa.

E. E. Baron and A. H. Bolton, both of Sioux City, Iowa, other defendants other than defendant Ellis.

SCOTT, District Judge.

This is an action by Beneficial Industrial Loan Corporation, hereinafter referred to as Beneficial, and Personal Finance Company of Iowa, both corporations organized under the law of Delaware, against Earl L. Kline, doing business under the name and style of Personal Finance Company, Melvin W. Ellis, Superintendent of Banking of the State of Iowa, Personal Loan Society, Inc., and Mutual Loan Company, both of the latter corporations organized under the law of Iowa. The purpose of the action is to enjoin the defendants, except Ellis, from using the name "Personal Finance Company", and for an accounting for any profits derived by defendants, except Ellis, for using such name because of alleged unfair competition.

The complaint is voluminous, containing between thirty and forty paragraphs and covering twenty-three pages. The pertinent ultimate facts are few, but the pleading is rife with argument and unnecessary history. Concisely stated, the complaint alleges that Beneficial is a holding or parent corporation holding the stock of or in numerous subsidiary corporations organized under the laws of thirty-one different States of the Union, including its co-plaintiff, Personal Finance Company of Iowa. That Beneficial's subsidiaries aforesaid contain as parts of their corporate names the words, "Personal Finance Company". Then follows allegations of the great value of such names and large expense in advertising the same and the establishment of good will and reputation of great value to Beneficial. All of Beneficial's subsidiaries are engaged in the small personal loan business in their respective localities,

and while Beneficial repeatedly refers to its doing of business "through its subsidiaries", Beneficial does not directly engage in the small personal loan business in any State, nor is there any allegation of engagement in business in any State other than as a holding or parent corporation. I think it well settled that a holding corporation does not do business in a State through a subsidiary but that the two entities are distinct and only the subsidiary does business. Cannon Manufacturing Company v. Cudahy Packing Company, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. Beneficial's co-plaintiff, Personal Finance Company of Iowa, is licensed to do business in Iowa as a foreign corporation and has its place of business in the city of Davenport, Iowa, and there engages in the personal small loan business. There is no allegation that this plaintiff now or ever engaged in business in Sioux City, Iowa, or its vicinity. Defendant Kline, doing business as Personal Finance Company, resides and is engaged in the personal small loan business in Sioux City, Iowa, and plaintiffs allege that defendant's Personal Loan Society, Inc., and Mutual Loan Company, doing a like business at Sioux City, make some claim to an interest in the name "Personal Finance Company", and I think imply that said latter corporations are in some way interested with Kline. There is no allegation of any actual competition between Kline or any defendant and either of the plaintiffs, and the circumstances involved in plaintiffs' allegations make it apparent that no such competition has ever occurred. Plaintiff, Personal Finance Company of Iowa, is located at Davenport, between three and four hundred miles distant from Sioux City, with numerous important cities and towns between.

Plaintiffs allege as grounds of jurisdiction of this Court, diversity of citizenship between plaintiffs and defendants, and that the amount in controversy exceeds exclusive of interest and costs the sum of $3,000, and later in an ad damnum paragraph allege, "The damages suffered by plaintiffs as a result of the unlawful acts of defendants, as aforesaid, exceed in value and amount the sum of Three Thousand Dollars, ($3,000)." There is no particular allegation of damage to plaintiff, Personal Finance Company of Iowa, but the tone of complaint throughout indicates a claim of damage to Beneficial by reason of the effect of defendant's use of the name "Personal Finance Company" through the effect of such use upon the numerous subsidiary corporations located in thirty-one different States.

Defendants appear, and with the exception of Ellis, attack the complaint by motion. First, that Personal Finance Company of Iowa be dropped as a plaintiff because of misjoinder; second, to dismiss as to Beneficial for the reason that Beneficial is not using the name "Personal Finance Company"; and, third, to dismiss as to Personal Finance Company of Iowa, because it is not in competition with defendant, Kline. And further to dismiss as to Personal Loan Society, Inc., and Mutual Loan Company, because no cause of action is stated as to either defendant. This motion was assigned, argued and submitted.

I shall not consider in this opinion the independent grounds of defendants' motion, for the reason that there appears to me to be a question of jurisdiction that demands priority of consideration. I refer to the matter of the sum or value in controversy. While it is true that plaintiffs make the formal allegation as heretofore stated and include an ad damnum paragraph alleging plaintiffs' joint damage, the claim as stated is such that plaintiffs neither jointly nor severally can be legally permitted to sustain it by evidence. I think the case falls squarely within the rule announced by the Supreme Court in North American Transportation and Trading Company v. Morrison, 178 U.S. 262, 20 S.Ct. 869, 871, 44 L. Ed. 1061.

The case above mentioned was brought by Morrison against the North American Transportation & Trading Company to recover damages for breach of contract whereby the transportation company had agreed to carry plaintiff and his baggage from Seattle in the State of Washington to Dawson City in the Northwest Territory, in the Dominion of Canada. The case was tried in the Circuit Court of the United States at Seattle, and after numerous motions and demurrers, and verdict, judgment was given for plaintiff. After verdict and judgment the District Judge certified certain questions in the case. The certificate preliminary to the direct questions contained quite a complete statement of the case. In considering the certificate and questions, the Supreme Court through Mr. Justice Shiras said: "It is conceded that the defendant company failed, without suf-

ficient excuse, to fulfil its engagement, and the question upon which the jurisdiction of the court below depended is as to the nature and amount of the damages to which the plaintiff is entitled. The allegations in the complaint in that respect were, first, the sum paid by the plaintiff as a fare being $200; second, the expenses caused by having to return to Seattle, amounting to $72.50; third, the wages which he could and would have earned at Seattle if he had not proceeded upon the attempted journey, being wages at the rate of $3 per day during all the time intervening between August 3, 1897, and November 17, 1897, amounting to about $320; fourth, the loss of a certain portion of plaintiff's baggage, amounting to $29.25; and, fifth, the loss occasioned plaintiff by the defendant's failure to transport him to Dawson City, 'where the plaintiff could have obtained employment and engaged in business which he was competent to perform and transact, at or about Dawson City and thereby have secured wages and profits at the rate of $15 per day continuously from September 15, 1897, for the period of the year next ensuing;' 'by reason whereof there is due and owing the plaintiff from the defendant by reason of the premises, for said expenditures, outlay, and damages, the sum of $2,301.75.' "

(The District Court's certificate stated: "Neither in the original nor the assigned causes of action was it alleged that any of these passengers had ever lived in Dawson before, had any previous engagement or business there, or any promise of employment, the allegation in each cause of action as to the passenger's damage in this respect being that 'he could have obtained employment and engaged in business by him competent to perform and transact at or about said Dawson City, and thereby secured wages and profits at the rate of $15 per day continuously from September 15, 1897, for the period of the year thence next ensuing,' and that 'he has wholly lost all of said employment and time, and all of said wages and profits, to his damage in the sum of $2,000.' It was not alleged what, if any, occupation either plaintiff or any of his assignors had before departure on the journey, nor was it alleged what occupation was expected at the point of destination, or that any expected occupation was communicated to the defendant.")

"It was obvious, on the face of the plaintiff's complaint, that if he was not entitled to recover the money which he alleged 'he could have earned and secured by obtaining employment and engaging in business at or about Dawson City,' the amount necessary to give the circuit court jurisdiction was not involved.

"While it has sometimes been said that it is the amount claimed by the plaintiff in his declaration that brings his case within the jurisdiction of the circuit court, that was in suits for unliquidated damages, in which the amount which the plaintiff was entitled to recover was a question for the jury; an inspection of the declaration did not disclose and could not disclose but that the plaintiff was entitled to recover the amount claimed, and hence, even if the jury found a verdict in a sum less than the jurisdictional amount, the jurisdiction of the court would not be defeated. Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Scott v. Donald, 165 U.S. 58, 89, 17 S.Ct. 265, 41 L. Ed. 632, 638.

"But where the plaintiff asserts, as his cause of action, a claim which he cannot be legally permitted to sustain by evidence, a mere ad damnum clause will not confer jurisdiction on the circuit court, but the court on motion or demurrer, or of its own motion, may dismiss the suit. And such, we think, was the present case."

■■ In testing the analogy between the Morrison case and the case at bar, one must consider the ultimate essentials of the present case. These essentials as I conceive it are, first, whether the use by the defendant of the name "Personal Finance Company" would establish any cause of action in favor of the plaintiffs or either of them because of any right previously acquired by plaintiffs to the use of those words. This involves the question whether the words "Personal Finance Company" are subject to appropriation and exclusive use. In my opinion neither the word "Personal" nor "Finance" or a combination of the same are the subject of exclusive appropriation, because of their merely descriptive character. I quote from Corpus Juris under trade-marks, trade-names, and unfair competition, Vol. 63, at page 346, being § 43: "It is a fundamental rule that a term or mark merely descriptive of the subject to which it is applied cannot be a technical trade-mark or trade-name. Thus no word or combination of words can be exclusively appropriated if it is merely descriptive of

the particular business, or of the quality, style, character, grade or class of the goods," etc. This is amply supported by authorities both Federal and State. It would be difficult to conceive of a more descriptive name than "Personal Finance Company". It advertises the very business of personal loans and finance. It distinguishes this class of transactions from other general financial classes such as real estate mortgage loans, stocks and bonds, and investment banking. There is no claim here of a trade-mark. Indeed, it is quite evident that such name could not be registered. The only claim here is unfair competition; first, that the use of this name by Kline damages Beneficial because it might become confused with names of Beneficial's numerous subsidiaries in thirty-one States. The contention seems to be that no one but Beneficial and its subsidiaries may use the word "Personal" in connection with their loan business. And second, that Beneficial indirectly and Personal Finance Company of Iowa directly, are damaged because of the use of this name by Kline, and this notwithstanding there is no allegation of competition between Kline and either plaintiff. Frankly conceding no competition, it is flatly urged by plaintiffs in their brief and in argument before the Court that no competition with Kline is necessary. The contrary is I think universally held, and particularly by the Supreme Court of Iowa. Compare Sartor v. Schaden, 125 Iowa 696, 101 N.W. 511.

From the foregoing I conclude that plaintiffs have asserted claims that neither could be legally permitted to sustain by evidence, and therefore the mere claim of there being more than $3,000 involved, does not help the plaintiffs on the jurisdictional question. This is the situation which the trial court is obliged to take notice of and regardless of the insufficiency of the defendants' motion on this point, to dismiss the case as to both plaintiffs of its own motion, and it will be so ordered. This dismissal being for want of jurisdiction will of course be without prejudice, but were the Court not obliged to give priority to the jurisdictional question, the dismissal must follow on the ground that the complaint fails to state grounds upon which relief can be granted, in which case the dismissal would be with prejudice.