## VAN HORN v. WATERMAN S. S. CORPORATION.

### No. 2546.

District Court, E. D. Pennsylvania.

Feb. 7, 1944.

Freedman & Goldstein and Abraham E. Freedman, all of Philadelphia, for plaintiff.

Rambo, Rambo & Knox and Paul W. Knox, all of Philadelphia, for defendant.

KIRKPATRICK, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, by a seaman for damages for personal injuries sustained on board a vessel owned by the defendant, an Alabama corporation. A summons issued and was served upon Waterman Steamship Agency, Ltd., a New York Corporation, by service upon the assistant manager of the office which it maintained in Philadelphia.

The defendant, appearing specially, filed a motion to dismiss on the ground that it is not doing business in Pennsylvania and has not been properly served with process.

The plaintiff relies strongly upon a case decided by this Court in which Judge Bard held that a foreign corporation was doing business within the district and that process had been validly served upon its resident agent. Jenkins v. Lykes Bros. S.S. Co., et al., D.C., 48 F.Supp. 848, 1943 A.M.C. 534. I am in full accord with that decision, but the case now before the Court is fundamentally different. In the Jenkins case it appeared that, although not on regular schedule, the defendant's ships operated by the defendant had entered and left the port of Philadelphia during the last ten years, and that during a recent two year period, 35 of its vessels had done so. In the case now before the Court no vessel owned by the defendant has ever entered the port of Philadelphia to receive or discharge cargo, except under the following conditions:

(a) During the years 1940 and 1941 a number of vessels owned by the defendant called at the port of Philadelphia on some 70 or 80 different occasions. By far the greatest number of these calls were made by five vessels owned by the defendant, but in the service of the Pan-Atlantic Steamship Company, having been chartered to that corporation by informal time charters as part of an exchange of vessels between the two companies. Except in the matter of actual navigation in the narrowest sense,

these ships were operated by the Pan-Atlantic Company. The defendant understood, when they were chartered to Pan-Atlantic, that they were intended for Atlantic coastwise traffic, but beyond that the defendant had nothing whatever to do with where they should go or what ports they should visit. The transportation accomplished by them was entirely the business of the Pan-Atlantic Company. The defendant received no part of the proceeds as such, but was paid by Pan-Atlantic for the use of its ships and crews on the basis of the time charter.

The remainder of the calls during 1940 and 1941 (so few in number so as to be considered sporadic) were made by ships under charter either of the Arrow Line, the British Ministry of War Transport or the States Marine Corporation. The conditions here were substantially the same as with the ships chartered to Pan-Atlantic.

It appears that there was some stock ownership in common among the three corporations, Pan-Atlantic, Waterman Steamship Agency and the defendant, and that certain of the officers or directors are officers of more than one of them. Those facts do not affect the question presented. The Supreme Court has held in several cases, including Cannon Manufacturing Company v. Cudahy Packing Company, 267 U.S. 333, 334, 45 S.Ct. 250, 69 L.Ed. 634, that ownership of the stock of a subsidiary corporation, even complete ownership, does not have the effect of rendering the business of the subsidiary the business of the parent corporation for purposes of jurisdiction.

(b) After 1941 all vessels belonging to the defendant were requisitioned by the United States War Shipping Administration, some under time charter and some under bareboat charter. A number of them have come to Philadelphia but they do so under the direction of the United States Maritime Commission. All the cargo is government cargo.

I am of the opinion that in view of the above facts the defendant has not been doing business at the port of Philadelphia, either before or after the requisitioning of the ships by the government.

The service is vacated and the complaint dismissed.