**OLYMPIC RADIO & TELEVISION, Inc. v. HAZELTINE RESEARCH, Inc.**

Civ. 9966.

United States District Court
E. D. New York.

July 19, 1949.

Darby & Darby, New York City (Russell G. Pelton, New York City, of counsel), for plaintiff.

Watson, Bristol, Johnson & Leavenworth, New York City, attorneys appearing specially for the motion (David A. Woodcock New York City, of counsel), for defendant.

KENNEDY, District Judge.

The plaintiff in this action seeks a declaratory judgment of invalidity and non-infringement of asserted patent rights and of unenforceability of asserted contract rights. In addition, there are jurisdictional allegations that might be appropriate in a suit based upon diversity. But these I ignore, since it seems to me that under no circumstances could the suit be called one based solely on diversity of citizenship.

■ The defendant moves, Title 28 U.S.C.A. § 1406, for removal of the action to the Northern District of Illinois, Eastern Division, on the ground that the defendant is not "doing business" in the Eastern District of New York within the meaning of the relevant statute, 28 U.S. C.A. § 1391(c).

The parties have with commendable common sense reduced to the form of a stipulation all of the facts bearing on the question that is here for decision. Hazeltine Corporation (here to be called Hazeltine) was organized in Delaware and has a license to do business in this state. This motion concerns directly the affairs of the defendant, one of its wholly-owned subsidiaries (Hazeltine Research Inc., here to be called Research), and indirectly the affairs of another wholly-owned subsidiary (Hazeltine Electronics Corporation, here to be called Electronics).

Research is an Illinois corporation occupying offices at 325 West Huron Avenue, Chicago, Illinois. It is not and has not been licensed to do business in this state, nor is it listed in the New York telephone directory. It has no local offices conducted under its name. Electronics is a New York corporation with offices at 58-25 Little Neck Parkway, Little Neck, Queens County. These offices it has occupied since March 28, 1949, but prior to that date it had offices at 1775 Broadway, Manhattan.

Principally Research carries on three forms of activity in this state: (1) it ob-

tains patents; (2) it negotiates licenses; and (3) it renders engineering services to licensees, this service being gratis. To the extent that an office is needed for these activities, Research uses and has used the New York office of Electronics. The defendant argues with considerable force that none of these activities, nor all taken together can properly be called "doing business". While the negotiations preceding the granting of licenses (the activity principally stressed by the plaintiff) undoubtedly take place in many instances within this state, the licenses themselves are granted from the Chicago office of Research. And it seems to me whatever business is thereafter done in connection with such licenses is done by the licensee and, under familiar principle, would not constitute "doing business" by the licensor.

But a broader and more effective argument in opposition to the motion is made by the plaintiff. The stipulation shows that Hazeltine, Electronics and Research have substantially identical managers and officers (nine in number). Six of these persons reside in and about New York and use the Little Neck office of Electronics as their headquarters. The defendant, in support of the motion to transfer the suit, emphasizes that under the unquestioned authority of Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, a corporation is not subject to suit in a particular state because it conducts business there through a subsidiary, and I suppose that this would be true a fortiori where the charge that a corporation does business in a state (Research) is based alone upon the activities of a sister subsidiary (Electronics).

But plaintiff's argument goes further than that. There is nothing unequivocal in the stipulation between the parties about the fact that meetings of the stockholders and directors of Research took place before March 28, 1949, at 1775 Broadway, New York City, and thereafter at the Little Neck office of Electronics (which is in this district). That statement alone, so it seems to me, renders unnecessary any elaborate analysis of the nature of the activities carried on by the corporate agents in this district. It is undoubtedly quite true that the granting of licenses by itself does not constitute the doing of business. But a corporation which, in the larger sense, can do business only through its board of directors is certainly present in the state and district where that board habitually meets. This conclusion finds support in a decision of Judge Medina's Pickthall v. Anaconda Copper Min. Co., D.C., S.D.N.Y.1947, 73 F.Supp. 694. Since the formula in the statute here involved, 28 U.S.C.A. § 1391(c), is "doing business", rather than "presence", any question of forum non conveniens is irrelevant. Judge Learned Hand in Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788, 791. But even so there was no serious claim on the argument that any inconvenience to anybody would be involved by a trial in this district.

The motion is denied.