JEAN DONNER, Appellant, *v.* WEINBERGER'S HAIR SHOPS, INC., Defendant, and HELENE CURTIS INDUSTRIES, INC., Respondent.

First Department, March 25, 1952.

*Esau J. Mishkin* of counsel (*Pauline Ginsburg,* attorney), for appellant.

*Herman Haken,* appearing specially for Helene Curtis Industries, Inc., respondent.

*Per Curiam.* The question on this appeal is whether defendant Helene Curtis Industries, Inc. (hereinafter called " Industries "), an Illinois corporation, is doing business in this State. Process was attempted to be served by delivery of the summons to an officer and managing agent of Helene Curtis Sales, Inc. (hereinafter called " Sales "), a Delaware corporation licensed to do business in New York, the stock of which is wholly owned by the Illinois corporation. Plaintiff claims that Sales is the agent and alter ego of Industries, and that the acts of the agent in doing business here constitute doing business by the principal.

There can be little doubt that there is a fair measure of permanence and continuity in the business done by Sales in this

State. (See *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Internat. Shoe Co.* v. *Washington*, 326 U. S. 310.) But there is doubt as to whether Sales is doing business in its own behalf or on behalf of Industries. The arrangement between the two corporations is one for compensation of Sales on a basis of 6% commission on all orders obtained for Industries. Such orders are taken by employees of Sales on blanks furnished by Industries and are forwarded to the latter in Illinois for acceptance or rejection. Industries ships the merchandise direct to the customer from the foreign State, and sends bills which are payable there. All of the expenses of maintaining the New York office of Sales are said to be paid by Sales from the 6% commission. In addition to its selling operations Sales maintains a showroom, on the door of which is the legend '' Helene Curtis Sales '', and gives demonstrations and instructions in the use of Industries' products.

The question of whether Industries is doing business here was sent to an Official Referee. We find, however, that much of the proof offered by plaintiff was excluded, and we deem it necessary to remit the matter for further testimony. In ascertaining to what extent a foreign corporation is present in this State, each case must be determined on its own facts. The circumstance that the foreign corporation is represented in its local activities by another corporate entity rather than an individual agent is not in itself determinative. (*Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.*, 299 N. Y. 208.) Nor would the mere fact that the foreign corporation owned all of the stock of the local corporation bring the former within the State, if the transactions between them are separated in good faith and in fact, so that each acts solely in its own behalf (*Cannon Mfg. Co.* v. *Cudahy Co.*, 267 U. S. 333). The cited authority involved an arrangement of purchase and resale between the two companies, whereas the arrangement was for sales on commission in this case. Sales did business for no other person and in no other respect, except to sell Industries' goods.

While these circumstances need not be decisive, we think that they justify receipt of further evidence as to any interlocking of officers and directors, details as to financing the activities of the subsidiary, disposition of profits or methods of meeting any losses by same, proof as to how the demonstrations are financed, whether the machinery and material used in same are the property of the parent or the subsidiary, and any and all other facts and circumstances that would throw light on the inquiry as to whether the subsidiary was acting as a mere agent or instru-

mentality of the parent and the separation was a mere fiction and pretense, or whether it was in good faith acting as a principal and in pursuit of its own corporate purpose. The books of Sales should be produced for use upon the hearing, if required by plaintiff.

The orders appealed from should be reversed, with $20 costs and disbursements, and the matter remitted for further hearing. Settle order.

COHN, J. P., CALLAHAN, VAN VOORHIS, SHIENTAG and FOSTER, JJ., concur.

Orders unanimously reversed, with $20 costs and disbursements and the matter remitted for further hearing. Settle order on notice.