**JOHN O. BUTLER COMPANY, a corporation, Plaintiff,**

v.

**The STANDARD OIL COMPANY (OHIO), a corporation, and Vistron Corporation, a corporation, Defendants.**

No. 73 C 2229.

United States District Court, N. D. Illinois, E. D.

Oct. 19, 1973.

**502**

Alter, Weiss, Whitesel & Laff, Chicago, Ill., for plaintiff.

Hume, Clement, Brinks, Willian, Olds & Cook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

*Motions to Dismiss and Motion for Preliminary Injunction*

MAROVITZ, District Judge.

Plaintiff, the John O. Butler Company, is a corporation engaged in the distribution and sale of products designed for use in preventive dentistry. Defendant Vistron Corporation sells toothbrushes and other dental products under the names "VISTRON–PRO" and "PRO" in direct competition with plaintiff. Defendant Standard Oil Company of Ohio (hereafter "Sohio") is the parent corporation of Vistron Corp.

Butler uses a display in its business referred to as the "Dental Health Center", and included among the items in this display is a dental home-care kit. Among the several products included in the kit are plaque disclosing tablets which plaintiff sells under its registered trade-mark "RED-COTE".

Defendants also use a display entitled "Dental Health Center", which display includes a package called "PRO Dental Kit". This dental kit also includes plaque disclosing tablets among its dental preventive products.

Defendants recently prepared a circular entitled "PREVENTIVE DENTISTRY IS HERE" and bearing defendants' code numer BA–7358–1. Said circular contains a photograph of the "PRO Health Center" and the "PRO dental kit" contained therein. Butler alleges that the photograph of the kit reveals the presence of "RED-COTE" plaque disclosing tablets; that defendants are not authorized to include such tablets in their display; that defendants do not in fact sell Butler tablets; and that defendants' acts constitute a false designation of origin and a false description or representation as to defendants' goods in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act). Plaintiff also claims relief for unfair competition and deceptive trade practice under the common law and the laws of the State of Illinois. Ill.Rev.Stats., Ch. 140 § 22, and Ch. 121½, §§ 312 and 313. Plaintiff seeks a preliminary injunction from further use of the circular, and from otherwise engaging in unfair trade practice, and asks that all such circulars be recalled. Plaintiff also seeks the profit derived by defendants from their alleged deceptions, punitive damages, and such other relief as the court deems equitable.

Defendants argue that the tablets cannot possibly be identified as not belonging to Vistron, and that even if the packaging characteristics are visible, they have not attained a secondary meaning which associates them with Butler. Vistron also argues that they have already replaced the allegedly offensive circular to bring the prices stated therein in line with the government price-freeze regulations; that they "touched-up" the picture before re-issuing the circular; and that they sent letters to the wholesale customers requesting destruction of the original circular.

Defendants Sohio and Vistron Corporation move to dismiss this action on the bases that the complaint fails to state a claim upon which relief can be granted, and that this court lacks jurisdiction over the subject matter thereof. Defendant Sohio further moves to dismiss this action on the ground that this court lacks personal jurisdiction and that venue is improper.

## I.

We are satisfied from the affidavits of Robert G. Griffin, Vice-President in charge of Marketing of Sohio, and Gordon Kiddoo, Vice-President of the Vistron Corporation, that defendant Sohio is incorporated in Ohio, has its principal place of business there, and has no offices, representatives, or agents of any kind in Illinois. Thus, if Sohio is to be amenable to suit in this District, venue must be based on its relationship with co-defendant, a wholly-owned subsidiary.

In Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), the Supreme Court of the United States held that the presence of a wholly-owned Alabama subsidiary in North Carolina did not subject the parent corporation to suit therein, where the existence of the subsidiary as a distinct corporate entity was in all respects observed, where its books were separately kept, and where all transactions between the two corporations were represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations. Thus, the Court upheld a corporate fiction despite the fact that the parent owned all the stock of its subsidiary, dominated it "immediately and completely," and exerted "its control both commercially and financially in substantially the same way, and mainly through the same individuals", as it did, "over those selling branches or departments of its business not separately incorporated."

Upon review of the affidavits and depositions filed herein with respect to these motions, this court is convinced that the moving defendant has satisfied the standards set down in Cannon, supra. To the same effect, see Kearney & Trecker Corp. v. Cincinnati Milling Machine Co., 254 F.Supp. 130 (N.D.Ill. 1966) (Marovitz, J.).

The facts which are set out here reveal that the two corporations in question are separately incorporated, and, while there is overlap of directors, each has its own set, including some not present on the other's Board. Board meetings are held separately, and separate minutes are kept. Each corporation bears an individual name, and conducts its business under forms and letterheads bearing its own title only. Vistron maintains its own inventory, and has its own manufacturing facilities. In addition, Vistron maintains a payroll separate from the Sohio payroll, and pays its own state income and other taxes in Ohio and in states outside Ohio. Vistron leases or owns its own office space and manufacturing plants within and outside of Ohio. Further, and of substantial importance under the Supreme Court ruling in Cannon, supra, the record reveals that Vistron keeps separate minute books and account books, and all transactions between the two companies are formally entered in separate ledgers as if the two corporations were wholly independent of each other.

■ We are satisfied that sufficient formal procedures have been taken to require recognition of the two corporations as separate entities for purposes of the Cannon doctrine, and conclude that this court lacks personal jurisdiction over Sohio and a fortiori, that venue is improper.

## II.

■ There seems to be no real doubt that plaintiff's allegations, construed in a light most favorable to it, and presuming all well-pleaded facts to be true, do indeed state a claim upon which relief can be granted. For example, it is not wholly inconceivable that a druggist,

upon viewing the PRO circular, would spot the Butler tablets, and erroneously believe either that defendants are licensed by plaintiff, or that defendants' products are guaranteed by plaintiff, thereby stating a claim under the Lanham Act.

■ This decision simultaneously re-solves the motion to dismiss for lack of subject matter jurisdiction over the state unfair competition claim, for that motion is predicated on dismissal of the federal claim. The court has subject matter jurisdiction over the state claim based upon principles of pendent jurisdiction.

### III.

■■ Plaintiff seeks a preliminary injunction *pendente lite*. In making this determination, one of the primary factors to be balanced against the threat of irreparable harm to the plaintiff is the probability that plaintiff will eventually succeed on the merits. Wright and Miller, Federal Practice and Procedure: Civil § 2948. There is grave doubt that the court would order an injunction of the original circular, in that the court finds it highly unlikely a person reading the circular would even notice the tablets, let alone notice that they are a product of the Butler Company, but under the circumstances that Vistron has re-issued the circular with a "touched-up" photograph, and has attempted to remove the original circular from circulation, the court finds the extraordinary remedy of a preliminary injunction particularly unwarranted. Whatever harm that may have been done so far, or is likely to be produced from denying this injunction, is compensable in money damages; the court does not foresee irreparable harm to the reputation or goodwill of Butler. The preliminary injunction is denied.

In conclusion, Standard Oil of Ohio is dismissed from this action, and Butler Company is held to have stated a cause of action against the Vistron Corporation, though not one which warrants a preliminary injunction.