I concur in the hope of delineating the standard by which we should examine parent-subsidiary relations in the context of service of process. The issue in this case is whether service of process on the wholly-owned subsidiary corporation, Volkswagen of America, Inc. (VWoA), gives adequate notice to the parent corporation, Volkswagenwerk Aktiengesellschaft (VWAG), of the suit. Due process requires that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v.Central Hanover Bank Trust Co., 339 U.S. 306, 314,70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The party seeking to prove proper service must, at a minimum, demonstrate that the parent corporation "exercises such control and domination over the subsidiary that it no longer has a will, mind or existence of its own, and operates merely as a department of the parent corporation." Professional Investors Life Ins. Co. v. Roussel,445 F. Supp. 687, 698 (D.Kan. 1978). Establishing that the subsidiary has "such a responsible representative status in relationship" to the parent makes it reasonably certain that the subsidiary will turn over the process to the defendant parent. Crose v. Volkswagenwerk Aktiengesellschaft, 88 Wn.2d 50,58, 558 P.2d 764, 769 (1977).
Fulfillment of these requirements of perfected service of process does not require resort to such phrases as "agent" or "alter ego." In general,
 "[t]he statement that the insulation will be broken down when the subsidiary is an `agency,' `adjunct,' `instrumentality,' `alter ego,' `tool,' `corporate double,' or `dummy' of the parent is not helpful. These concepts themselves need defining. At best they merely state results. And the results are significant only in light of the facts."
Douglas and Shanks, "Insulation from Liability through Subsidiary Corporations," 39 Yale L.J. 193, 195 (1929). In the context of perfected service of process, the inquiry must focus on whether the subsidiary mandatorily pursues the parent's interests in the manner determined by the parent. Observance of separate corporate form is not fatal to service of process on the subsidiary. The issue focuses on the subsidiary's independence of corporate purpose and its independence in making substantive business decisions. Mere accounting procedures, the adequacy of capitalization, segregation of property, and other corporate *Page 886 
formalities do not establish whether service of process on the subsidiary is reasonably calculated to inform the parent. SeeTokyo Boeki (U.S.A.), Inc. v. SS Navarino, 324 F. Supp. 361, 366
(S.D.N.Y. 1971). The policy rationale of due process and perfected service of process is not supported by treating the corporations as separate entities when the subsidiary and parent only comply with the mere formalities of corporate form.See generally Comment, "The Alter Ego Doctrine: Challenges to the Corporate Form," 30 U.C.L.A.L.Rev. 129, 142-43 (1982).
In the present case, plaintiff succeeded in proving that VWAG exercised dominion over the corporate purpose and substantive business decisions of VWoA. The "Importer Agreement" clearly grants VWAG control over marketing strategy, product availability, advertising, dealer supervision, staffing, price, and warranty policy. VWAG retained the necessary inspection rights to ensure compliance. VWoA retains no independence in carrying out its substantive business. Only this degree of control is sufficient to prove that VWoA is the instrumentality of VWAG for the purpose of perfected service of process.
In this age of multinational corporations, the corporate form should not serve to shield the reality of underlying relationships. This recognition is necessary to prevent injustice. In his opinion, Justice Adams cites CannonManufacturing Co. v. Cudahy Packing Co., 267 U.S. 333,45 S.Ct. 250, 69 L.Ed. 634 (1925). Cannon did not allow the parent to be served through its subsidiary even though the subsidiary was wholly owned and was dominated "immediately and completely" by the parent. 267 U.S. at 335, 45 S.Ct. at 251. Cannon's blind obedience to corporate form is no longer compelling. At the same time, however, I am mindful of the need to establish some line by which businesses may determine the consequences of their conduct and such a statement is the basis for this concurrence.