812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William R. BOYCE, Marcina L. Hill, as Administratrix of the
Estate of George Hill, Deceased, Florence Kennedy, Mildred
W. Patrick, John Rhett Prine, as Administrator D.B.N.C.T.A.
of the Estate of Annie Virginia Prine, Deceased, Eleanor
Johnson Fields, as Administratrix of the Estate of
Christopher Fields, Deceased, Etta Cohen, Paul Ferguson,
David C. Barfield, as Administrator of the Estate of Woodrow
Wilson Barfield, Deceased, Joseph L. Whetstone, Gertrude
Baxley, Robert Kitchens, Lloyd Boyce, Margaret P. Turner,
James L. Crawford, Foy Teaster and Henry Fitzpatrick, Appellants,
v.
TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd. and Turner
Asbestos Fibres, Ltd., Appellees,
and
Raymark Industries, Raybestos Manhattan, Inc., National
Gypsum Company, Johns-Manville Sales Corporation,
Johns-Manville Amiante Canada, Inc. and
Johns-Manville Canada, Inc., Defendants.
 No. 85-1630.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Feb. 20, 1987.
 
 Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Thomas D. Rogers (Terry E. Richardson, Charles W. Patrick, Jr., Blatt & Fales on brief) for appellants.
 David G. Traylor, Jr., R. Bruce Shaw (Williams S. Davies, Jr., James C. Gray, Nelson, Mullins, Grier & Scarborough, Charles E. Dorkey, III, Paul J. Hanly, Jr. Edward L. Powers, Richards, O'Neill & Allegaert on brief) for appellees.
 PER CURIAM:
 
 
 1
 This appeal involves some forty-one consolidated cases brought in the diversity jurisdiction by former employees or representatives of former employees of Raybestos-Manhattan, Inc. at its North Charleston, South Carolina plant. The plaintiffs allege that the employees suffered respiratory injury from asbestos fibers. They brought these actions against foreign corporations engaged in the mining or distribution of raw asbestos claiming that the defendants supplied the asbestos that caused them harm and neglected to warn the employees of the risks inherent in the inhalation of asbestos fibers.
 
 
 2
 The district court dismissed the claims because it found no evidence that any of the three defendants had supplied asbestos for processing in the North Charleston plant of Raybestos-Manhattan, Inc. The alleged sale of asbestos was the jurisdictional peg upon which the plaintiffs sought to establish a sufficient presence in the state to support an exercise of in personam jurisdiction.
 
 I.
 
 3
 The defendants in these cases are three interrelated foreign corporations. Turner & Newall, Ltd. is a British holding company with a number of operating branches and subsidiaries. Turner Asbestos Fibres, Ltd. is a branch of Turner & Newall, engaged in the brokering of asbestos fibers. Bell Asbestos Mines, Ltd. is a Canadian corporation, wholly owned by Turner & Newall until 1980 when it was nationalized by the Canadian Provincial Government of Quebec. It owns and operates the Thetford mine in the Province of Quebec, Canada.
 
 
 4
 After two hearings on the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(2), the district court concluded that the plaintiffs introduced no evidence that either of the defendants had supplied asbestos to the North Charleston plant of Raybestos-Manhattan. It concluded that there was no basis for the exercise of personal jurisdiction over the defendants under South Carolina's long-arm statute, Sec. 36-2-803(1) of the South Carolina Code.
 
 
 5
 Neither of the three defendants owns any real or personal property in South Carolina. They have no offices or agents there. Nor do they maintain any bank accounts in that state or have other financial ties with it. Their only claimed contact with South Carolina is that they supplied raw asbestos material for further processing at the North Charleston plant.
 
 II.
 
 6
 Turner & Newall, Ltd.; Turner Asbestos Fibres
 
 
 7
 Turner & Newall admitted that it sold asbestos to Raybestos-Manhattan, Inc., but insisted that all of it was shipped to and processed in Raybestos-Manhattan's Manheim, Pennsylvania plant and not in North Charleston.
 
 
 8
 In a deposition, a former manager of the North Charleston plant testified that since 1953 most of its asbestos was purchased from Cassiar Asbestos Corporation, Ltd., a company partially owned by Raybestos-Manhattan, Inc. and Bell Asbestos. There was evidence that at least some raw asbestos was purchased from Rhodesian and General Asbestos Corporation, Ltd., later known as Shabanie and Mashaba Mines, Ltd. Rhodesian and General is a wholly owned subsidiary of Turner & Newall, but following Rhodesia's Unilateral Declaration of Independence in 1965, the United Kingdom prohibited Turner & Newall from dealing with Rhodesian and General, and that ban was not lifted until 1979.
 
 
 9
 Aside from that, the documents produced contained occasional and vague references to Turner & Newall, but nothing of sufficient substance and detail to support a finding that either Turner & Newall or Turner Asbestos had brokered or supplied a substantial quantity of raw asbestos material to the North Charleston plant of Raybestos-Manhattan.
 
 
 10
 The plaintiffs produced no evidence of the actual relationship between Turner & Newall and its subsidiary, Rhodesian and General, outside of the period 1965-1979 or of dealings between the two. There is no basis for a finding that the separateness of the two corporate entities was not strictly observed, and, generally, a showing of stock ownership is not enough to support attribution to the parent of the activity of the subsidiary for jurisdictional purposes, when the subsidiary produces and markets its own product. Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333 (1925); Harris v. Deere & Co., 223 F.2d 161 (4th Cir.1955); see also Fieldcrest Mills, Inc. v. Mohasco Corp., 442 F.Supp. 424, 429-30 (M.D.N.C.1977).
 
 
 11
 Hence, we find no error in the district court's finding that the plaintiffs failed to show that any of the asbestos processed at the North Charleston plant was sold, brokered or supplied by Turner & Newall or Turner Asbestos. This remains true even if it should later be found that Bell Asbestos, the third defendant and a subsidiary of Turner & Newall, did supply some asbestos to the North Charleston plant.
 
 III.
 Bell Asbestos
 
 12
 Except for a packet of documents handed to the court during the second hearing on the motion to dismiss, the record contains only vague and passing references to Bell. To the extent that they suggest some contact by Bell with the North Charleston plant, they provide no detail upon which one might appraise the substantiality or the duration of those contacts.
 
 
 13
 A packet of materials presented at the second hearing on the motion to dismiss is of a different sort. Those documents do show that Bell supplied substantial quantities of asbestos to the North Charleston plant, but at the time of their presentation, the plaintiffs' counsel was unaware or unappreciative of their importance and relevance. He referred to the documents as "cumulative." Since the defendants had not seen the documents, the district court admitted them subject to the defendants' right to impose written objections within the next week. The defendants did object on authenticity and relevance grounds, to which the plaintiffs made no response for over a year. The district court then dismissed the action for want of personal jurisdiction of Bell, without having examined the documents submitted at the second hearing on the motion to dismiss.
 
 
 14
 During the pendency of this appeal, plaintiffs' counsel apparently examined the documents in the packet submitted to the district court during the second hearing, and, for the first time, recognized their importance and relevance. He filed a motion under Rule 60(b) for reconsideration of the order dismissing the action as to all three defendants. After a hearing, the district court filed an order in which it concluded that it would grant the motion as to the defendant Bell "if such action were consistent with the jurisdiction of the appellate court." It concluded that the new material offered by the plaintiffs did not alter the court's view of its jurisdiction to entertain the claims against Turner & Newall and Turner Asbestos. Though the case had been fully argued in this court before these new developments in the district court, the plaintiffs filed a motion in this court for remand of the case to the district court. They also filed protective notices of appeal from the district court's order insofar as it might be held an effective denial of the Rule 60(b) motion for relief as to the defendants Turner & Newall and Turner Asbestos.
 
 IV.
 
 15
 Under these circumstances, we think that the orderly administration of justice requires that these cases be remanded to the district court so that it will have effective jurisdiction to file appropriate orders addressing the Rule 60(b) motion.
 
 
 16
 REMANDED.