[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Before the court is the motion to dismiss filed by defendants Philform, Inc. ("Philform") d/b/a Orbitform[1], Michigan. corporation, pursuant to Practice Book § 142 et seq., now Practice Book (1998 Rev.) § 10-30 et seq., for lack of personal jurisdiction. The defendants allege that they are neither subject to personal jurisdiction under the Connecticut long-arm statute for foreign corporations, General Statutes §33-929, nor subject to suit in Connecticut due to a lack of the requisite minimum contacts. The plaintiff filed an objection to the motion to dismiss. The court heard oral argument and testimony on the motion. Because the court finds that the defendants conducted sufficient sales activities to satisfy the long-arm statutes and to constitute the necessary "minimum contacts" to meet constitutional standards, the motion is denied.
This action was commenced when the plaintiff filed a five count complaint, later amended, alleging breach of contract, promissory estoppel, a violation of the Connecticut Unfair Trade Practices Act, conspiracy and tortious interference with contract, against Landreth Engineering Co. ("Landreth"), a Texas corporation, its parent company Industrial Holdings, Inc. ("Industrial") and Philform d/b/a Orbitform. The plaintiff, a Delaware corporation with its principal place of business in Connecticut, designs, manufactures, markets, sells and distributes riveting machines. The plaintiff seeks to enforce a non-competition agreement it entered into with Industrial and Landreth incident to Industrial and Landreth's purchase of the Fastener Division of the plaintiff's business. The non-competition agreement prohibited Industrial and Landreth, for a period of three years from the date of closing, from directly or indirectly manufacturing rivet machines anywhere in the world or distributing rivet machines to any persons in an amount greater than either $25,000 in any single month or $125,000 in a year. CT Page 9294
According to the allegations in the complaint, Orbitform, Inc. is or was the d/b/a of Philform. Orbitform and Philform are engaged in the manufacture and sale of riveting machines. In February of 1998, Industrial purchased 100% of the stock of Philform and caused Philform to transfer all of its riveting business to a new entity, OF Acquisitions L.P. ("OF"). OF then transferred 49% interest in its operating income back to Philform. The plaintiff alleges that this purchase by Industrial breached the non-competition agreement because Industrial, through OF, now directly or indirectly engages in the manufacture and sale of riveting machines.
Some discussion of the legal framework under which such motions must be decided is in order.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. . . . When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Citation omitted; internal quotation marks omitted.)Knipple v. Viking Communications, 236 Conn. 602, 605-06,674 A.2d 426 (1996). "Only if we find the statute to be applicable do we reach the question whether it would offend due process to assert jurisdiction." Lombard Bros., Inc. v. General Asset ManagementCo., 190 Conn. 245, 250, 460 A.2d 481 (1983).
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. VikingCommunications, supra, 236 Conn. 607.
"The motion to dismiss . . . admits all facts.which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted; citations omitted.) Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book CT Page 9295 § 143, now Practice Book (Rev. 1998) § 10-31.
Once it is determined that the requirements of Connecticut's long-arm statute have been met, the court must consider whether the exercise of personal jurisdiction over the defendant complies with the principles of due process. Due process requires that a nonresident defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." U.S. Trust Co. v.Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985). In determining foreseeability, the inquiry is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980).
Orbitform's counsel timely filed the motion to dismiss for lack of personal jurisdiction after filing his appearance and has not contested the substantive issues of the plaintiff's complaint. There has been no intentional relinquishment of a known right. Pleadings addressed to expedited discovery orders do not constitute a waiver. The court therefore rejects the plaintiff's waiver arguments.
Furthermore, the plaintiff's "alter-ego" theory for conferring jurisdiction is unavailing because, while such a theory may be permissible for extending liability from parent to subsidiary, it is generally not permitted for purposes of extending personal jurisdiction from in-state parent to foreign subsidiary. See, e.g., Cannon Manufacturing Co. v. Cudahy Co.,267 U.S. 333, 336-37, 45 S.Ct. 250, 69 L.Ed. 634 (1925). Additionally, the plaintiff has failed to meet its burden to prove that Industrial has maintained the requisite control over Philform or Orbitform such that formalities of separateness should be disregarded. Therefore, Philform and Orbitform's motion to dismiss on these bases is denied.
Although the plaintiff has not sufficiently demonstrated that the court may maintain jurisdiction on the ground that the plaintiff's cause of action arises out of tortious conduct committed by Philform and Orbitform in this state pursuant to CT Page 9296 subsection (f)(4) of the long-arm statute, the plaintiff has met its burden to demonstrate that Philform and Orbitform have solicited business in this state (see subsection (f)(2) of the long-arm statute) and have produced, manufactured or distributed goods with the reasonable expectation that the goods would be used or consumed in this state (see subsection (f)(3) of the long-arm statute). The court may therefore exercise personal jurisdiction over Philform and Orbitform pursuant to the long-arm statute. Such exercise of jurisdiction does not violate constitutional principles of due process.
Philform and Orbitform's motion to dismiss is therefore denied.
The court will now turn to more extended discussion of the grounds for its decision.
The plaintiff has met its burden to establish jurisdiction under subsections (f)(2) and (3) of § 33-929, the long-arm statute.
"A foreign corporation is subject to suit under § [33-929
(f)(2)] for causes of action that arise from business solicited in Connecticut if the solicitation has been repeated and has led to orders or offers which form the basis for the cause of action." Hagar v. Zaidman, 797 F. Sup. 132, 136 (D. Conn. 1992); see also Thomason v. Chemical Bank, 234 Conn. 281, 297,661 A.2d 595 (1995); Pomichter v. Yankee Candle Shop, Superior Court, judicial district of New Haven at New Haven, Docket No. 369919 (December 19, 1995, Hadden, J.). "While there is no precise test for invoking § [33-929 (f)(2)], when a foreign corporation places advertisements in a [publication] whose circulation includes Connecticut, that is sufficient to invoke § [33-929
(f)(2)]." Hagar v. Zaidman, supra, 797 F. Sup. 136. "[A]dvertising in publications having circulation in Connecticut for the purpose of soliciting reader response [has been] found to be sufficient to assert long-arm jurisdiction." (Internal quotation marks omitted.) Luders v. White Lightning AircraftCorp. , Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 107683 (January 4, 1991, Ryan, J.). However, "sporadic" advertisements, "without more, cannot constitute repeated solicitation of business." Lombard Bros., Inc. v.General Asset Management Co., supra, 190 Conn. 257 (finding that two notices in the New York Times and the Wall Street Journal announcing the names of persons joining the firm was not repeated CT Page 9297 solicitation).
The plaintiff has presented evidence, through testimony at the evidentiary hearings and through exhibits, that Orbitform publishes advertisements for its riveting machines in at least one national publication. See Plaintiff's Objection to Motion to Dismiss, Exhibit K (Orbitform advertisement in Assembly Magazine). In addition, the plaintiff has adduced evidence that there exists a licensed independent representative of Orbitform in Connecticut, and that this representative has been under contract with Orbitform for about ten years, has been furnished with brochures from Orbitform demonstrating the applications of their machines, has distributed Orbitform literature to customers, has been contacted by Orbitform for sales leads and has been directed by Orbitform to attend trade shows to represent it. The plaintiff has also adduced evidence that Orbitform has sold its products in Connecticut in the last four months. The plaintiff has sufficiently demonstrated, through the testimony of Orbitform's licensed independent Connecticut representative, that Orbitform has solicited sales in Connecticut and has actually sold its products in Connecticut. Philform and Orbitform's solicitation in Connecticut is sufficient to invoke jurisdiction pursuant to General Statutes § 33-929 (f)(2).
Jurisdiction may also be asserted under General Statutes § 33-929 (f)(3). Thus, Philform and Orbitform have produced, manufactured or distributed "goods . . . with the reasonable expectation that such goods [would] be used or consumed in this state." General Statutes § 33-929 (f)(3).
The totality of the contacts that Philform and Orbitform have with Connecticut, as outlined, satisfies the constitutional due process requirement that a nonresident defendant have sufficient "minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) International ShoeCo. v. Washington, supra, 326 U.S. 316. Philform and Orbitform could "reasonably have anticipated being haled into court" in Connecticut due to these contacts. Lombard Bros., Inc. v. GeneralAsset Management Co., supra, 190 Conn. 254, citing World-WideVolkswagen Corp. v. Woodson, supra, 444 U.S. 297. Philform and Orbitform's motion to dismiss for lack of personal jurisdiction is denied.
Flynn, J. CT Page 9298