**GRAY v. EASTMAN KODAK CO. et al.**
**No. 15306.**

District Court, E. D. Pennsylvania.

July 23, 1930.

On Reargument Sept. 23, 1930.

Leon Edelson, of Philadelphia, Pa., for plaintiff.

Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

This is a patent case. The plaintiff in the venue sense may bring suit in this court if acts of infringement have been here committed and the defendant has here "a regular and established place of business." The question here turns upon the quoted phrase. There is here "a regular and established place of business." The sole question is whether it is the place of business of the parties on whose behalf the motion is made. What may be called the form or plan of these several corporations is a common one. It is to have a parent corporation with subsidiaries. They have a common business objective. The special business of one is to produce; of another to market the product; and the third is a holding company having ownership control of all. The stock ownership is the same; they have with few or no exceptions the same general officers, and together they produce and market. They are in form, however, distinct and separate corporations, with unity of control and management. What they seek to do may be accomplished in one of two ways. The producing company may restrict itself to the manufacture and sell its product to the marketing company which may alone come in contact with the purchasing public, and the holding company may limit its activities to those of stockholders only. The real proprietors may on the other hand ignore these forms and treat the activities of each company as a part or branch of one business. No business can be done without a place of business where the public may buy. The fact may conform to the plan of having this place of business belong to one of the corporations; the others having no concern therewith except such as grows out of a common stock ownership and the same managing control. On the other hand, what may be called the local business may be conducted through an agency of the parent company. If there is such agency the local busi-

ness is that of the parent company, and who is the agent does not affect the other question of who has the place of business. This latter question is not a question of form, but of fact. It is not likewise a question of what was planned to be done, but what was in fact done. Undoubtedly what was here planned was that each corporation should be a distinct and independent entity having nothing in common beyond, as we have said, a common stock ownership and managerial control. The drift is, however, usually uncontrollable in all such cases toward the business which is done being done by the real owners and the separation of corporate entities ignored. Whether what is done is the one thing or the other is a fact to be found.

We find the fact to be here that a regular and established place of business is maintained in this district and that it is the place of business of the defendants there served. One reason for this finding is that the corporation there served has itself declared it has such place of business. As it ought to know whether it has such place of business or not, we may take its word for it that it has.

Rule discharged.

### Sur Reargument.

█ The ruling in this case is deemed to be by counsel for the moving defendant of importance. Because of this we allowed the question to be rediscussed on the motion for a reargument. It has been very fully argued. We admit and feel the force of the argument addressed to us in support of the motion, but remain unconvinced. We had no thought of departing from the ruling in the Cannon Case, 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634, and would of course give the rule there laid down its full application and effect. The ruling in this case as of other cases of the same type turns upon the fact finding. Does or does not the defendant served maintain an office or place of business within the meaning of the act of Congress (28 USCA § 109)? If it does not, no service can there be made upon it nor indeed has the court jurisdiction of the subject-matter of the suit, because jurisdiction is dependent upon the dual fact of acts of infringement having been committed within the jurisdiction and the maintenance of a place of business there. There is, however, a substantial difference, as well as distinction, between a method in accordance with which a thing is planned to be done and the way in which it is actually done. For illustration, a man may have a business which is conducted by him as an individual; this business he may have incorporated and thereafter may plan that every office and every place of business maintained shall be no longer his individual private office or place of business but the office and place of business of the corporation, but in what he does he may ignore the plan thus outlined altogether and do after the incorporation precisely what he did before, to wit, conduct a business in all respects as his private individual business. Whether he does one thing or the other is a question of fact.

In the Cannon and other cases cited to us, the plaintiff relied upon the mere fact that the served defendant in practical consequence and effect did what was being done because of its full control through a stock ownership or otherwise of the business done. The doctrine of the Cannon and other cases is that the inference of the maintenance of a place of business or of an office by a given defendant cannot be inferred alone from its practical control of the business through stock ownership or otherwise. There must be evidence that the served defendant itself in fact maintained the office or place of business. This is the fact finding which we have made. A part of the evidence is that the defendant served has itself declared the fact to be as found, and, as before stated, it has no just cause of complaint if it be taken at its word.

We appreciate, of course, that we may be wrong in the fact finding as made, but we are unable to see that in making this fact finding we run counter to the law as laid down in the Cannon and other cases.

The rule for reargument is discharged.