590

SECURITIES AND EXCHANGE COMMIS-
SION v. TIMETRUST, Inc., et al.

No. 21180.

District Court, N. D. California, S. D.

May 10, 1940.

Chester T. Lane and J. Leonard Town-send, both of Washington, D. C., Howard A. Judy and E. Forrest Tancer, both of San Francisco, Cal., Sam Harris, of Washington, D. C., John G. Sobieski and Roger Kent, both of San Francisco, Cal., and Herbert B. Cohn, of Washington, D. C., for plaintiff.

Gumpert & Mazzera, of Stockton, Cal., and Bacigalupi, Elkus & Salinger, of San Francisco, Cal., for defendants Time-trust, Inc., Meredith Parker, Ralph W. Wood, and H. E. Blanchett.

John L. McNab, of San Francisco, Cal., for defendant John M. Grant.

Dreher, McClellan & McCarthy, of San Francisco, Cal., for defendant A. P. Gian-nini.

Edward McClellan, of San Francisco, Cal., for defendant L. Mario Giannini.

Keyes & Erskine, of San Francisco, Cal., for defendant Bank of America Nat. Trust & Savings Ass'n.

ST. SURE, District Judge.

Plaintiff, on April 5, 1939, filed suit against A. P. Giannini and L. Mario Giannini, et als., seeking to enjoin them from violating § 17(a) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77q (a). The suit sounds in fraud. On June 10, 1939, I denied motions of the several defendants to dismiss, strike, and for a bill of particulars or more definite statement. 28 F.Supp. 34. Answers were filed by all of the defendants, by L. Mario Giannini and by A. P. Giannini on July 20 and 25, 1939, respectively. On July 25, 1939, defendant John M. Grant proposed interrogatories to plaintiff under rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On January 23, 1940, defendants Timetrust, Incorporated, Meredith Parker, Ralph W. Wood and H. E. Blanchett similarly proposed interrogatories. Circumstances made it necessary to call a judge from another state to pass upon the interrogatories and also upon other questions of pleading. Hearing was had before Hon. Albert M. Sames of Arizona, District Judge, presiding, on January 29 and 30, 1940. On February 22, 1940, Judge Sames made an order disposing of the questions submitted to him for decision, in particular denying said proposed interrogatories. On April 15, 1940, upon motion the case was set for trial on May 21, 1940, before Judge Sames, in this court. On April 30, 1940, defendant L. Mario Giannini filed interrogatories proposed to plaintiff under rule 33, F.R.C.P., and upon May 9, 1940, defendant A. P. Giannini did likewise, each proposing twenty identical interrogatories. Upon hearing of plaintiff's objections thereto these interrogatories were limited to four, asking "for the names and addresses (the identity and location) of the persons alleged to have been defrauded or deluded or deceived, the names of the persons alleged to have made the false statements or representations, and the times when the alleged false representations were made."

The Giannini interrogatories are identical in substance with some of those proposed by the other defendants and denied by Judge Sames. The Gianninis waited until more than a year after the filing of the complaint and until after the case had been set for trial before exercising their right of discovery. They are principal actors in the suit, charged not only with aiding and abetting in the fraud alleged, but with having actively participated therein. Under the circumstances it would seem that they were tardy in asserting their right of discovery. However that may be I feel bound to follow Judge Sames's ruling.

Had these delayed interrogatories been submitted to him, they would have been denied, as were the others. In Commercial Union of America, Inc., v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937, 938, the situation presented was this: "After one judge sitting in the case had decided the complaint to be sufficient, another judge sitting in the same court decided it was insufficient and dismissed it." It was held that this was reversible error. The court said: "Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other." See also Meeker v. Lehigh Valley R. Co., C. C., 175 F. 320.

Plaintiff's motion to sustain its objections to the interrogatories of defendants A. P. Giannini and L. Mario Giannini will be granted.