OSKAR TIEDEMANN & COMPANY,
Libelant,

v.

UNITED STATES of America and Math-
iasen's Tanker Industries, Inc.,
Respondents.

UNITED STATES of America and Math-
iasen's Tanker Industries, Inc.,
Libelants,

v.

OSKAR TIEDEMANN & COMPANY,
Alexander Kaare, in personam,
and
THE ELNA II, her engines, boilers, etc.,
in rem, Respondents.

Petition of OSKAR TIEDEMANN &
COMPANY for exoneration from or
limitation of liability as owners of The
Elna II.

Petition of the UNITED STATES of
America and Mathiasen's Tanker Indus-
tries, Inc., for exoneration from or lim-
itation of liability as owners of THE
MISSION SAN FRANCISCO.

Nos. 1762–1765.

United States District Court
D. Delaware.

April 8, 1959.

Abraham E. Freedman (of Freedman,
Landy & Lorry), Philadelphia, Pa., and
Harold Leshem, Wilmington, Del., for
various claimants.

James R. Morford, Wilmington, Del.,
for petitioner and libelant Tiedemann.

Leavenworth Colby, United States De-
partment of Justice, Washington, D. C.,
and Leonard G. Hagner, U. S. Atty.,
Wilmington, Del., for petitioner and
cross-libelant United States and Mathia-
sen's Tanker Industries, Inc.

LAYTON, District Judge.

The United States, one of the parties
defendant, filed interrogatories directed
to the plaintiffs on March 23, 1959. April
6 was the first date available for a hear-
ing on plaintiffs' objections thereto. The
trial is set for April 20.

This is an important and hard-fought
case involving a collision between two
ships in the Delaware River several years
ago. As a result, one ship sank, a num-
ber of lives were lost, there were many
injured and substantial property damage
occurred. After a pretrial conference on
October 24, 1958, and full opportunity for
counsel to assess the amount of time
necessary for trial preparation including
full discovery, April 6, 1959, was set for
the hearing on respondents' cross-peti-
tions for limitation of liability and ex-
oneration. This trial date was later ex-
tended to April 20, or six full months
from the original pretrial conference.

On the 23rd of March, five months after setting the case for trial, and less than a month before trial, the United States has filed 42 sets of interrogatories involving some 8,000 questions. The interrogatories are directed to 42 claimants, all seamen, the vast majority of whom are now serving on ships in coastal waters or on the high seas. The plaintiffs' proctors estimate, and I think not unreasonably, that it would take between two and three months for the answers to these Interrogatories to be made and returned.

What the Government in reality is asking for is not the right to file interrogatories, but for a postponement of trial. This will not be granted at this late date. The right to file Interrogatories is subject to reasonable limitations. As stated in Moore's Federal Practice, Volume 4, p. 2274, " * * *. interrogatories may be served at any stage in the case, provided that objections may be sustained where the interrogatories are served at such a late stage in the case that their disposition may delay the trial." See also Securities and Exchange Commission v. Timetrust, Inc., D.C.N.D. Cal., 33 F.Supp. 590. The identical situation is presented here. The Government was free to institute discovery at any time after October 24, 1958. Instead, it waited five months and until less than 30 days before trial to file most voluminous interrogatories with full knowledge that the trial might well be delayed.

Nor, contrary to its contention, do I believe the Government will be prejudiced if it fails to obtain this discovery. It has a full statement taken by a Court Reporter from each and every one of the 42 witnesses involved covering the accident. It is in possession of the record of the Coast Guard hearing at which, presumably, each of these persons testified.

Plaintiffs' objections to the taking of these interrogatories at this late date must be sustained.

There is also a motion by the Government filed on the same date this argument was held to compel the appearance of each of these 42 seamen at the trial. Technically, perhaps, they are parties to the limitation proceedings for they have each traversed the cross-petitions for limitation and for exoneration. However, they are all, or nearly all, serving on ships and can only be reached with difficulty. Four are serving on the high seas. By the diligent use of subpoenae and deposition discovery, the Government might either have served personally or obtained the depositions of most of the witnesses. As of now, nothing has been done.

If the Government will promptly write Mr. Freedman, proctor for most of these seamen, specifying the names of the witnesses, their present addresses and showing good cause for believing that each could give testimony relevant and material to this trial, I will endeavor to see that Mr. Freedman does all in his power to have them present. Indeed, I believe he would do this voluntarily. Otherwise, the Government's motion is denied.