ALBERT C. SIMONSON, Appellant, *v.* INTERNATIONAL BANK, Also Known as INTERNATIONAL BANK OF WASHINGTON, Respondent, et al., Defendants.

First Department, March 6, 1962.

*Barry Golomb* of counsel (*Wasserman & Shagan,* attorneys), for appellant.

*Emanuel Becker* of counsel (*McLanahan, Merritt & Ingraham,* attorneys), for respondent appearing specially.

VALENTE, J. Plaintiff appeals from an order granting the motion of defendant, International Bank, to vacate service and dismiss the summons and complaint on the ground that said defendant is a foreign corporation not doing business in this State and hence not subject to personal jurisdiction. Service of process was duly made on an officer of the corporation, pursuant to section 229 of the Civil Practice Act.

Appellant urges that there was jurisdiction over International Bank by virtue of subdivision 1 of section 225 of the General Corporation Law. That section provides that an action against a foreign corporation may be maintained by another foreign corporation or by a nonresident where (1) the action is brought to recover damages for the breach of a contract made within the State. There is an allegation in the complaint that the contract sued upon was made in New York.

Plaintiff has failed to distinguish the requirements of sections such as 224 and 225 of the General Corporation Law — which are in effect venue statutes — from the constitutional dictates of due process. As Justice BREITEL wrote for this court in *Fremay, Inc.* v. *Modern Plastic Mach. Corp.* (15 A D 2d 235, 237): "Section 225 of the General Corporation Law provides the circumstances in which an action may be maintained against a foreign corporation by another foreign corporation or by a nonresident." It should be noted that section 224 of the General Corporation Law provides that an action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action.

But in order for a court to acquire jurisdiction over a foreign corporation under existing statutes governing service of process, in an action otherwise properly brought under sections 224 and 225 of the General Corporation Law, it must also appear that the foreign corporation is doing business in this State. The trend in the decisions of the United States Supreme Court, from *International Shoe Co.* v. *Washington* (326 U. S. 310) to *Hanson* v. *Denckla* (357 U. S. 235) has been toward expanding the area in which a State may exercise jurisdiction over a foreign corporation. (See *McGee* v. *International Life Ins. Co.*, 355 U. S. 220, 222.) In *International Shoe* the flexible standard adopted by the court for in personam jurisdiction over a foreign corporation was whether the corporation had certain "minimum contacts" with the State such that the maintenance of the suit did not offend "traditional notions of fair play and substantial justice". That elastic guide left it to the States to determine jurisdiction upon the particular facts in each case.

The question presented in the instant case is whether the making of an isolated contract in the State will be considered by the New York courts as satisfying the rule of "minimum contacts". In *McGee* v. *International Life Ins. Co. (supra)*, the Supreme Court found an isolated contract in the insurance field sufficient, together with other circumstances, to provide a basis for jurisdiction. The special interest of States in insurance or the application of the police power of States may well account for that decision. Some States, following the relaxation of the requirements by the Supreme Court, have adopted statutes giving jurisdiction on the basis of a single contract. (See statutes listed in 34 St. Johns L. Rev., p. 314, n. 37.) Although *Compania de Astral, S. A.* v. *Boston Metals Co.* (205 Md. 237, cert. denied 348 U. S. 943) purported to sustain such a statute, based on an isolated contract, there were other considerations which can explain that decision. (See 26 Albany L. Rev. 71.)

New York has not changed the rule that an isolated contract is not sufficient to give jurisdiction over a foreign corporation. (Cf. *Ames* v. *Senco Prods.*, 1 A D 2d 658.) As this court said in *Fremay* v. *Modern Plastic Mach. Corp. (supra, p. 240)* : " the applicable test as to whether defendant corporation does business within the State of New York is the classic ' presence ' test, as found in the leading cases (e.g., *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259)."

Although defendant's motion papers could have been more explicit in pin pointing the basis of its motion on the fact that it was not doing business in New York, and hence not subject to in personam jurisdiction, plaintiff nevertheless averred that

there was evidence, not submitted, which would establish that defendant was doing business in this State. Obviously the time to have submitted the alleged proof was in opposition to defendant's motion. A party may not fractionize the grounds of opposition and offer to submit proof on another aspect of his case, if unsuccessful on an initial front. Nevertheless, from plaintiff's brief, it appears that such proof would have been addressed to establishing that defendant-respondent was doing business here by virtue of its control of subsidiary corporations doing business in New York.

A corporation may not be subjected to the jurisdiction of our courts merely on the basis of the activities of its subsidiaries. (*Cannon Mfg. Co.* v. *Cudahy Co.*, 267 U. S. 333; *Echeverry* v. *Kellogg Switchboard & Supply Co.*, 175 F. 2d 900 [C. C. A. 2d, 1949]; *Compania Mexicana* v. *Compania Metropolitana*, 223 App. Div. 346, affd. 250 N. Y. 203.) If the subsidiary is the mere instrumentality of the foreign corporation, then it may be considered an agent of the corporation through which the corporation was conducting business. (See *Goodman* v. *Pan American World Airways*, 1 Misc 2d 959, affd. 2 A D 2d 707.) However, appellant has merely indicated a relation of parent and subsidiary corporation, which is insufficient to make the parent corporation amenable to jurisdiction.

The order should therefore be affirmed, without costs.

BOTEIN, P. J., BREITEL, MCNALLY and EAGER, JJ., concur.

Order, entered on August 22, 1960, unanimously affirmed, without costs.