Dennis E. COOK and Employers Mutuals Liability Company of Wisconsin, also known as Employers Mutuals of Wausau, Plaintiffs-Appellants,

v.

BOSTITCH, INC., Defendant-Appellee.

No. 220, Docket 28176.

United States Court of Appeals
Second Circuit.

Argued Jan. 13, 1964.

Decided Feb. 27, 1964.

Robert Silagi, New York City, for appellants.

Hampton & Dietel, New York City, William F. McNulty, New York City, of counsel.

Before SWAN, MOORE and SMITH, Circuit Judges.

SWAN, Circuit Judge.

This action was commenced against Bostitch, Inc. and its subsidiary, Bostitch Eastern, Inc., by service of process upon

1

the subsidiary's office manager within the territorial limits of the United States District Court for the Eastern District of New York. Both defendants are Rhode Island corporations. They moved to quash service for lack of jurisdiction in the court, and plaintiffs cross-moved to take the depositions of the defendants. The court allowed the depositions to be taken. Upon the summons, complaint, motion papers, depositions and oral argument, Judge Abruzzo granted the motion to quash service on Bostitch, Inc. but held valid the service of process on Bostitch Eastern. His order was dated February 27, 1963. By stipulation of the parties, the action was thereafter discontinued against Bostitch Eastern. The appeal is from that part of Judge Abruzzo's order which holds invalid the attempted service on Bostitch, Inc. by serving its subsidiary.

The above facts present a question of appellate jurisdiction which we must determine, although the parties have not mentioned it. Where there is only one defendant, an order quashing service is final and appealable. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 517, 43 S.Ct. 170, 67 L.Ed. 372. Where there are several defendants, such an order is final only if it quashes service as to all. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Piascik v. Trader Navigation Co., 2 Cir., 178 F.2d 886, 887; Minnesota Min. & Mfg. Co. v. Technical Tape Corp., 7 Cir., 208 F.2d 159; Youpe v. Moses, 94 U.S.App.D.C. 21, 213 F.2d 613. Consequently, prior to discontinuing their action against Bostitch Eastern, plaintiffs did not have an appealable order. The problem is whether the discontinuance cured this defect. We think it did. It left Bostitch the sole remaining defendant. This is analogous to the situation where appellate jurisdiction requires a certificate under Rule 54 (b), F.R.Civ.P., and the certificate is lacking when the appeal is taken but is supplied later. This court has held that the later certificate makes valid the appeal. Kaufman & Ruderman, Inc. v.

Cohn & Rosenberger, 2 Cir., 177 F.2d 849, 850; Channapragada S. Rao v. Port of New York Authority, 2 Cir., 222 F.2d 362.

Being satisfied as to our appellate jurisdiction, we turn to the merits of the appeal. We shall adopt the appellant's statement of facts.

While feeding cardboard into a box making machine, Cook's right hand was carried under the safety guard and was crushed by the rollers of the machine. The machine was manufactured by Bostich, Inc. The accident happened on July 9, 1959 and in the course of Cook's employment in the State of Oregon, where he resided. The accident resulted from a violation of the safety code of Oregon. Under the Workmen's Compensation Law of the State, Cook's claim against his employer was settled for $20,000, paid to him by his employer's insurance carrier, co-plaintiff Employers Mutuals Liability Company of Wisconsin. Pursuant to the settlement agreement, the insurance carrier became subrogated to the extent of $20,000 to Cook's claim against any third party. Cook attempted to serve Bostitch, Inc., in Oregon, but could not obtain service upon it. Bostitch, Inc. is a Rhode Island corporation and maintains its factory and office in that State. It is not qualified to do business in either New York or Oregon. It sells and services its products chiefly through wholly owned subsidiaries. One of them is Bostitch Eastern, Inc. This is also a Rhode Island corporation but is qualified to do business in New York State and maintains its office and warehouse in Long Island City.

The appellants contend that corporate separation between the parent and subsidiary is merely formal, not real. The district court held that Bostich Eastern, although a wholly owned subsidiary of Bostitch, acts "apart from and independently of its parent" and "therefore, service upon the subsidiary in New York is not valid service on the parent." This is a correct statement of the applicable law; it is well supported by authority. Under our recent decision in Arrowsmith

v. United Press International, 2 Cir., 320 F.2d 219, State law governs the question of whether a foreign corporation is amenable to suit in a Federal court sitting in that State where the jurisdiction is based upon diversity of citizenship. New York law is clear that "[a] corporation may not be subjected to the jurisdiction of our courts merely on the basis of the activities of its subsidiaries." Simonson v. International Bank, 16 App. Div.2d 55, 225 N.Y.S.2d 392, 395–396. See also Compania Mexicana Refinadora Island, S.A. v. Compania Metropolitana De Oleoductos, S.A., 223 App.Div. 346, 228 N.Y.S. 36, affirmed 250 N.Y. 203, 164 N.E. 907. This is simply the general rule enunciated in Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. Although, of course, many policies of the subsidiary are set by the parent, there was substantial evidence to justify the District Court's finding that the two corporations are separate entities.

Appellants next contend that Bostitch, Inc. does in fact "do business" in New York, within the meaning of N.Y.General Corporation Law, § 225 (in effect when the action was brought), through two salesmen. Whether the activities of these employees of the parent bring it within the jurisdiction of the court below need not be decided, since no service was made on any person designated by Rule 4(d) (3) and (7), F.R.Civ.P. or by N.Y. Civil Practice Act, § 229 (in effect at the time): i. e., an officer or agent of the parent corporation.

■ Appellants attempt to come within the New York statute cited above by claiming that the subsidiary, Bostitch Eastern, is in fact a "managing agent" of the parent and that service on the agent is valid against the principal. This argument falls on the District Court's finding that Bostitch Eastern is "acting apart from and independently of its parent." There is no evidence that Bostitch Eastern is empowered to act as any kind of agent for the parent. The cases cited by appellants involved service upon persons admittedly the agents of the foreign corporations, but not expressly authorized to accept service of process.

Appellants are quite correct in claiming the privilege to sue in "any appropriate neutral jurisdiction." "Appropriate," however, includes at least the ability to acquire jurisdiction over the defendant.

The order of the District Court is affirmed.