See also 227 F.Supp. 1013.

William E. GOLDEN, Plaintiff,

v.

OHIO BARGE LINE, INC., Bradley Transportation Line, Michigan Limestone Division, United States Steel Corporation, Defendants.

Robert J. REGAN, Plaintiff,

v.

OHIO BARGE LINE, INC., Bradley Transportation Line, United States Steel Corporation and District 50, United Mine Workers of America, Defendants.

Lester F. RISHE, Plaintiff,

v.

OHIO BARGE LINE, INC., Bradley Transportation Line, United States Steel Corporation and District 50, United Mine Workers of America, Defendants.

United States District Court
S. D. New York.
March 5, 1964.

Downing & Fuller, New York City, for plaintiffs.

Kirlin, Campbell & Keating, New York City, for defendant Ohio Barge Line, Inc., James H. Herbert, Edward J. Hale, New York City, of counsel.

BONSAL, District Judge.

Three former employees of Ohio Barge Line, Inc. (Ohio), alleging wrongful discharge, have instituted separate actions against Ohio, its parent United States Steel Corporation, and Bradley Trans-

portation Line, another subsidiary of United States Steel Corporation. In two of the actions, District 50, United Mine Workers of America and certain named representatives of the members of District 50 have also been joined as defendants.

Defendant Ohio moves to vacate the service of process on it (which was effected upon an attorney employed by United States Steel Corporation in New York City on September 11, 1963), and for dismissal of the three amended complaints against, on the ground that it is not doing business in this district and is not amenable to the service of process in New York.

It appears uncontradicted that Ohio is a wholly-owned subsidiary of United States Steel Corporation, incorporated in Pennsylvania and maintaining its principal office in Dravosburg, Pennsylvania. Its business is the operation of tugs and barges transporting bulk cargoes in inland waterways, and most of its business is for the benefit of its parent or its affiliates. Ohio has its own Board of Directors and officers, maintains a separate office, and has its own employees and books of account which are maintained separate and apart from its parent. Ohio is not authorized to do business in New York, and maintains no office or employees in this State.

None of the activities of Ohio which form the basis of the complaints took place in New York. It appears that the Steamship "W. F. WHITE" was owned by the defendant Bradley Transportation Line and was chartered under a bareboat charter to Ohio for use in transporting coal from Baltimore, Norfolk and Newport News to Morrisville, Pennsylvania. The plaintiffs were employed by Ohio as crewmen on the "W. F. WHITE", and it was their discharge from this employment that led to the present litigation.

Plaintiffs oppose Ohio's motions, asserting that the parent United States Steel Corporation directs the activities of Ohio and that since the parent is amenable to service in New York, so is Ohio.

The assumption of plaintiffs that the parent directs the activities of its subsidiary, Ohio, does not mean that Ohio may be found in any district where the parent may be found. No showing has been made that Ohio is merely a front for its parent, and indeed the facts alleged in the complaint are to the contrary. It is immaterial that the charter of the "W. F. WHITE" from Bradley to Ohio may have benefited the parent. Even if it is assumed that the officers of the parent seek to assist Ohio and that the same holds true of officers of other subsidiaries of the parent, this constitutes no basis for piercing the corporate veil for the purpose of obtaining jurisdiction over Ohio. No useful purpose would be served by enabling plaintiffs to depose officers of Ohio and its parent in the hope that they might elicit some facts to bolster their claim of jurisdiction over Ohio.

On the facts here Ohio is not amenable to service of process in New York, regardless of whether a State standard or a Federal standard is applied. Arrowsmith v. United Press International, 320 F.2d 219, footnote 9 at 228 (2d Cir. 1963); cf. Cook v. Bostich, Inc., 2d Cir., 1964, 328 F.2d 1; Blount v. Peerless Chemicals (P.R.) Inc., 316 F.2d 695 (2d Cir. 1963). Accordingly, the service of process on an employee of United States Steel Corporation in New York City purporting to be a service of process upon Ohio, must be quashed.

No authorization exists in the Federal statutes upon which plaintiffs seek to base jurisdiction,* or under Fed.R.Civ.P. 4 for service on Ohio in this action outside of the jurisdiction. Accordingly, Ohio's motions in each action to dismiss the complaint will be granted.

The Court has considered the possibility of transferring the action to the Western District of Pennsylvania (Gold-

---

* Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 102 of the Labor Management and Disclosure Act, 29 U.S.C. § 412.

lawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)), but since there are other defendants who presumably have been found in this district, such a course is not practicable.

Settle order on notice.

See also 227 F.Supp. 1011.