**ASSOCIATED METALS & MINERALS CORPORATION et al., Appellants,**

v.

**S.S. GEERT HOWALDT, etc., et al., Appellees.**

**No. 21254.**

United States Court of Appeals Fifth Circuit.

June 23, 1965.

Thomas E. Twitty, Sr., Thomas E. Twitty, Jr., Mobile, Ala., Hill, Rivkins, Louis & Warburton, New York City,

458

Inge, Twitty, Duffy & Prince, Mobile, Ala., of counsel, for appellants.

Hamilton, Denniston, Butler & Riddick, Ferrill D. McRae, Mobile, Ala., for appellees Compagnie Belge D'Affretements S. P. R. L., Individually and Doing Business as Cobelfret Lines.

Pillans, Reams, Tappan, Wood & Roberts, John H. Tappan, Mobile, Ala., for Bernhard Howaldt Reederei.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This case arises from a libel filed in the U. S. District Court, Southern District of Alabama, to recover for cargo damage to a shipment of steel from Europe to Mobile. The SS GEERT HOWALDT was *in rem* respondent, and Compagnie Belge D'Affretements S. P. R. L., individually and doing business as Cobelfret Lines (Cobelfret Lines) and Bernhard Howaldt Reederei were *in personam* respondents. During the pendency of the libel, the vessel did not call at Mobile, and *in rem* jurisdiction was not obtained. The libelants sought to obtain jurisdiction over the *in personam* respondents by service of process upon Norton Lilly and Company, Inc., which allegedly acted as port agent for the vessel while it was in Mobile. The respondents filed exceptions to the libel and a motion to quash the attempted service upon the following grounds: (1) the court lacked jurisdiction over the respondents, (2) the libel failed to disclose how jurisdiction could be obtained, (3) service on the alleged agent did not constitute proper service, and (4) the libel failed to show that Bernhard Howaldt Reederei was then engaged in business within the jurisdiction of the court.

Pursuant to the request of libelants, the exceptions and the motion were not heard until approximately six months later. During this period they did not propound interrogatories or seek to take the depositions of the alleged agent or any other person. The day before hearing upon the exceptions and motion, the parties filed affidavits and counter affidavits on the issue of agency. During the oral argument, libelants orally moved the court for leave to take depositions and to propound interrogatories in order to establish jurisdictional facts. No interrogatories were filed, no notice to take depositions were given, no subpoena duces tecum was sought, and no request for a stay or postponement of the hearing was made. The record is not clear as to all details with respect to the oral motion for discovery, but apparently the identity of the persons who were to be examined or interrogated was not disclosed. The court sustained respondents' exceptions and denied the oral motion for discovery, but did not expressly dismiss the libel. The libelants appeal, specifying that the trial court erred in denying them the right of discovery, in sustaining jurisdictional exceptions of the respondents, and in dismissing the libel and taxing costs against them. Actually only two material questions are presented. The libelants complain chiefly of the denial of discovery,[1] and the respondents contend that there is no final judgment.

The first question for our determination is whether there is a final judgment which will support an appeal. 28 U.S.C.A. § 1291.[2] Although the court did not render a conventional final judgment, an order quashing a summons without dismissing the suit has been held in similar circumstances to be a final judgment authorizing appellate review. In Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed.

---

* Senior Judge of the First Circuit, sitting by designation.

1. The following is from libelants' brief:
 "* * * since all of the issues presented by this Appeal are largely involved in the question of whether Appellants were entitled to, and improper-

ly denied, jurisdictional discovery, we shall devote the major part of this brief to a consideration of this central issue."

2. There has been no effort to comply with the statutes dealing with interlocutory appeals. 28 U.S.C.A. §§ 1292(a) (3), 1292(b).

372, the Supreme Court so held in precise language:

> "The order entered below, although in form an order to quash the summons, and not a dismissal of the suit, is a final judgment, and the case is properly here."

See, also, Elkhart Engineering Corp. v. Werke (5 Cir. 1965) 343 F.2d 861; Cook v. Bostitch, Inc. (2 Cir. 1964) 328 F.2d 1; Edwin Raphael Co. v. Maharam Fabrics Corp. (7 Cir. 1960) 283 F.2d 310; Carmack v. Panama Coca Cola Bottling Co. (5 Cir. 1951) 190 F.2d 382, 30 A.L.R. 2d 281. In this case it seems highly improbable that *in rem* jurisdiction will ever be obtained in view of Norton's affidavit that Cobelfret's vessels no longer operate within the United States. The parties did not present to the trial court and have not suggested for our consideration the Alabama statutory scheme for the service of process embodied in Title 7, § 199(1), Code of Alabama, 1940. See Elkhart Engineering Corp. v. Werke, supra; United Barge Co. v. Logan Charter Service, Inc. (D.Minn.1964) 237 F. Supp. 624; and Rule 4(d) (7) F.R.Civ.P. We therefore conclude that the order sustaining the exceptions to the court's jurisdiction and denying jurisdictional discovery is a final appealable order. Furthermore, we find no error in the action of the trial court in sustaining the jurisdictional exceptions.

 We must also disagree with appellants' contentions as to discovery under the facts and in the circumstances here presented. They are not entitled "as a matter of right" to take depositions and propound interrogatories on the issue of jurisdiction, especially in view of the long delay involved and the manner in which the matter was presented to the trial court. We are not unmindful of the fact that the rules are very liberal in permitting discovery. See Admiralty Rule 30A and F.R.Civ.P. 26(a) 30, 31 and 33. In proper circumstances, discovery may be had without leave of court after commencement of the action, and depositions may be taken with respect to jurisdictional issues. However, parties do not have the unrestrained right of discovery in all circumstances. The discovery rules vest broad discretion in trial courts. Such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse. Trial courts have the right to exercise appropriate control of the discovery process when necessary and may deny, limit, or qualify it. Appropriate orders restricting the scope and manner of exercising discovery rights may be rendered in proper circumstances. Chemical and Industrial Corp. v. Druffel (6 Cir. 1962) 301 F.2d 126; Price v. H. B. Green Transportation Line, Inc. (7 Cir. 1961) 287 F.2d 363; Oskar Tiedemann & Co. v. United States (D.Del.1959) 172 F.Supp. 609; Wright, Federal Courts 308 (1963).

 Aside from appellants' failure to comply with the requirements of the discovery rules, they also failed to seek discovery to ascertain jurisdictional facts for six months without an explanation of their failure to do so. The belated oral request made at the very time when the court was considering and about to decide the jurisdictional issue cannot form the basis of error requiring a reversal. While the rules of discovery should be liberally applied, even at the jurisdictional level, we are unable to conclude that the trial court abused its discretion in refusing to allow the requested discovery in the circumstances here present.

The judgment is affirmed.