**KEARNEY & TRECKER CORP.,**
**Plaintiff,**

**v.**

**The CINCINNATI MILLING MACHINE CO., and Cincinnati Milling and Grinding Machines, Inc., Defendants.**

**No. 65 C 1575.**

United States District Court
N. D. Illinois, E. D.
April 15, 1966.

Anderson, Luedeka, Fitch, Even & Tabin, Chicago, Ill., Lester S. Clemons, Adrian L. Bateman, Jr., and Thomas W. Ehrmann, of Quarles, Herriott & Clemons, Milwaukee, Wis., Elroy J. Wutschel, West Allis, for plaintiff.

Hume, Groen, Clement & Hume, Chicago, Ill., for Cincinnati Milling & Grinding Machines, Inc.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Motions of defendant Cincinnati Milling Machine Co., to dismiss and of defendant Cincinnati Milling & Grinding Machines, Inc., to stay proceedings.

This is a patent action brought by plaintiff, a Wisconsin corporation, against The Cincinnati Milling Machine Co., and Cincinnati Milling & Grinding Machines, Inc., to enjoin further infringement of U. S. Letters Patent No. 2,901,927, No. 3,031,902, No. 3,052,011, and No. 3,099,873, and for damages.

Defendant Cincinnati Milling Machine Co., a manufacturing concern incorporated in the State of Ohio, having its principal place of business in Cincinnati, has moved for an order of dismissal, on the ground that venue is improperly laid in the Northern District of Illinois, and, alternatively, that this Court lacks jurisdiction over its person. In addition, its co-defendant has moved for an order staying proceedings herein pending final decision by the United States District Court for the Southern District of Ohio, Western Division in a prior suit filed by Defendant Cincinnati Milling Machine Co., against plaintiff herein involving the same patents and issues.

Venue in patent proceedings is governed exclusively by Section 1400(b), Title 28, U.S.C., the terms of which are not modified or supplemented by the general venue provisions applicable to other civil actions. Fourco Glass Co. v. Transmirra Products Co., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). That section reads:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

It is clear, initially, that "residence" under the above section must be defined classically as state of incorporation, for to impose the mere "doing business" standard of Section 1391(c) would be to make absurd the alternative provision requiring infringement *and* a *regular and established* place of business.

We are satisfied from the affidavits of Mr. James A. D. Geier, Vice President of Movant, and Mr. Sam Redrow, Secretary thereof, that defendant Cincinnati Milling Machine Co., is incorporated in Ohio, has its principal place of business therein, is not registered to do business in Illinois and has not, by itself, conducted business of any nature whatsoever in Illinois since 1931.

Thus, if Movant is to be amenable to suit in this District, venue must be based on its relationship with co-defendant, a wholly-owned subsidiary sales company, which admittedly maintains a permanent office in Berwyn, Illinois.

In Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69

**132**

L.Ed. 634 (1925), the Supreme Court of the United States held that the presence of a wholly-owned Alabama subsidiary in North Carolina did not subject the parent corporation to suit therein where the existence of the subsidiary as a distinct corporate entity was in all respects observed, where its books were separately kept, and where all transactions between the two corporations were represented by appropriate entries in their respective books in the same way as if the two were wholly independent corporations. Thus, the Court upheld a corporate fiction despite the fact that the parent owned all the stock of its subsidiary, dominated it "immediately and completely," and exerted "its control both commercially and financially in substantially the same way, and mainly through the same individuals," as it did, "over those selling branches or departments of its business not separately incorporated."

> "Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein." 267 U. S. 333, at p. 336, 45 S.Ct. 250, at p. 251.

Upon review of the affidavits and depositions filed herein with respect to this motion, this Court is convinced that the moving defendant has satisfied the standards set down in *Cannon*, supra. See Cook et al. v. Bostitch, Inc. (2d Cir., 1964), 328 F.2d 1; Stetson China Co. v. D. C. Andrews & Co., Inc. (D.C.Ill., 1948), 9 F.R.D. 135.

The substantially uncontroverted facts set out in the depositions herein reveal that the two corporations in question are separately incorporated, and, while there is overlap of directors, each has its own set, including some not present on the other's Board. Board meetings are held separately, and separate minutes are kept. Each corporation bears an individual name, and conducts its business under forms and letterheads bearing its own title only. The sales company purchases all machines from its parent in Ohio,

takes title in Ohio, and maintains its own inventory of almost a million dollars. In addition, the sales company leases its own Illinois office, pays its own personnel, and files corporate tax forms in states outside of Ohio. Further, and of substantial importance, under the Supreme Court ruling in *Cannon*, supra, the record reveals that the sales company keeps separate minute books and account books, and all transactions between the two companies are formally entered in separate ledgers as if the two corporations were wholly independent of each other, including sales, and payment for services performed by one for the other.

While it is clear that the sales corporation is wholly dependent upon its parent, deals solely in the parent's products, is managerially controlled thereby, has many services performed for it by the parent, and is, to a great extent, financially dependent, we are satisfied that sufficient formal procedures have been taken to require recognition of the two corporations as separate entities. As in *Cannon*, there is dominance and control, as well as identity of personnel charged with managerial responsibility, but also, there is formal corporate separation unlike the situations presented in those cases cited by plaintiff, American Chain Co., Inc. v. Stewart-Warner Speedometer Corp. et al. (D.C.N.Y., 1929), 56 F.2d 614; Gray v. Eastman Kodak Co. (D.C. Pa., 1930), 53 F.2d 864; Carolyn Chenilles, Inc., v. Ostow & Jacobs, Inc. (D. C.N.Y., 1958), 168 F.Supp. 894 and others, where the Courts found "that not even the forms, much less the substance of independent personality were preserved," that no distinction was made as to names, that the parent actually maintained an office in the district, and/or that an employee of the parent conducted a large volume of business in the District on behalf of the parent.

Nor are we influenced by the fact that Movant exhibited its machines at a tool show in Chicago in 1965, and on occasion had direct contacts through its personnel with customers in the Northern District of Illinois.

While it is uncontroverted that defendant manufacturer exhibited some of its machines at the Machine Tool Show held in Chicago on September 20–30, 1965, it is equally uncontroverted in case law, that such acts do not satisfy the "regular and established place of business" requirement of Section 1400(b). In Knapp-Monarch Co. v. Casco Products Corp. (7th Cir., 1965), 342 F.2d 622, the Seventh Circuit Court of Appeals, addressing this precise question, held that semi-annual attendance at a Housewares Trade Show in Chicago did not suffice. Surely then, participation in a show held once every five years cannot be considered "regular" and "established." See B. Heller & Co. v. First Spice Mfg. Corp. et al. (D.C.Ill., 1959), 172 F.Supp. 46.

Finally, it is apparent from the deposition of Mr. Newell J. Elmore, Comptroller of both defendants, that service and estimating work done by personnel of the parent manufacturer in this District is charged to the sales subsidiary, the cost thereof being included in the billing thereto along with the price of the machines which are purchased from the parent. (See Elmore Dep., pp. 92–94).

Having thus concluded that defendant Cincinnati Milling Machine Co., is entitled to be dismissed in light of the absence of proper venue, it is clear, as plaintiff admits at Page 25 of its brief in opposition, that service on Mr. Geier, Vice President of the Movant, at the aforementioned Trade Show, is equally improper and must be quashed.

■ Section 1400(b) has repeatedly been held in this District to establish a jurisdictional requirement in addition to controlling venue. Thus, where the defendant does not have a "regular and established place of business" within this District, service of process upon an officer or agent thereof will not act to give this Court jurisdiction over the corporation in a patent infringement action. B. Heller & Co. v. First Spice Mfg. Corp. et al., supra, at pp. 49–51; McGah v. V-M Corporation et al. (D.C.Ill., 1958), 166 F.Supp. 662.

Accordingly, the motion of the Cincinnati Milling Machine Co., to dismiss as to it is granted.

■ The above ruling will control our decision on defendant's second motion to stay proceedings herein. Six days before the present action was filed, defendant Cincinnati Milling Machine Co., the parent manufacturer, instituted a declaratory judgment action in the United States District Court for the Southern District of Ohio, Western Division, praying that two of the patents asserted in the present action be declared invalid and not infringed. After plaintiff filed the action in this District, the defendant manufacturer amended its complaint in Ohio to cover the two additional patents. Kearney & Trecker Corp., plaintiff here, answered and counterclaimed, charging patent infringement, the precise lawsuit pending before us. Whatever the correctness of plaintiff's arguments with regard to crucial filing dates and relation back of defendant's amendment in Ohio under Rule 15(c) of the Federal Rules of Civil Procedure, two facts remain clear: (1) It would be contrary to all principles of judicial economy to have two cases pending when the parties and the issues to be decided are identical, and the results in one would be res judicata as to the allegations of the other; and (2) In light of our earlier decision, the real party in interest, The Cincinnati Milling Machine Co., cannot be made a party hereto in this District.

Where, as here, none of the principal parties are incorporated in Illinois (Kearney & Trecker Corp. being a Wisconsin corporation), it would seem prudent, under the facts outlined above, to transfer the instant cause to Ohio pursuant to Section 1404(a), Title 28, U.S.C., so that it can be consolidated with the action pending there. The Ohio forum would clearly be more convenient to defendants here, who are both incorporated in Ohio and maintain their home offices in Cincinnati. The records of both companies are located there, and the bulk of plaintiff's discovery will, of necessity, be conducted in that city. Plaintiff's in-

convenience will be limited in view of the fact that travel to Chicago from Wisconsin was necessary anyway.

Accordingly, in the interests of judicial economy, we will transfer, on our own motion, the case before us to the U. S. District Court for the Southern District of Ohio, Western Division, where the defendant dismissed herein, the principal party in interest, can be made subject to proper service and venue, and consolidation into a single action can be effected.