**GLOBAL MARITIME LEASING PANAMA, INC., Plaintiff,**

v.

**M/S NORTH BREEZE, her engines, tackle, apparel and furniture, in rem, Defendant.**

**GLOBAL MARITIME LEASING PANAMA, INC.**

v.

**NORTH BREEZE NAVIGATION CO. LTD. of Hong Kong, in personam, Defendants.**

Civ. A. No. 4457.

United States District Court, D. Rhode Island.

June 19, 1978.

Hinckley, Allen, Salisbury & Parsons, George M. Vetter, Jr., Providence, R. I., of counsel, Donald F. Mooney, New York City, for plaintiff.

Gorham & Gorham, Inc., John Gorham, Providence, R. I., of counsel, Bigham, Eng-

lar, Jones & Houston, Sheldon A. Vogel, New York City, of counsel, for defendants.

## OPINION

DAY, Senior District Judge.

Presently before the Court is plaintiff's motion for a protective order which is sought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Before deciding the instant motion, it is incumbent upon the Court to present a thumb-nail sketch of this rather complex civil litigation.

Said admiralty action was commenced on November 20, 1970 by plaintiff to recover for an alleged breach of charter party. On August 18, 1972, this Court granted defendants' motion to compel arbitration. The arbitrators concluded on March 16, 1976 that the defendants were indeed liable for a breach of charter contract, and this Court confirmed such award on October 6, 1976. No action was apparently taken in this case with respect to an assessment of damages pending the appeal of a companion case, *Peraco Chartering Corporation v. North Breeze Navigation Co. Ltd.,* 564 F.2d 87, in which the Court of Appeals for the First Circuit decided in favor of the broker Peraco Chartering Corporation on July 25, 1977. This Court thereafter appointed a master in this action to ascertain damages on October 25, 1977, pursuant to Rule 53 of the Federal Rules of Civil Procedure. On November 14, 1977, the appointed master conducted an initial meeting with counsel in this case. It appears that because of a previous commitment on the part of plaintiff's counsel, the master's hearings were tentatively deferred at plaintiff's request until at least mid-June of the present year. However, on May 30, 1978, defendants began discovery proceedings by filing interrogatories, a request for production of documents, and a request for an admission of facts. The immediate effect of such requests for discovery would be to postpone the proposed upcoming master's hearings.

Having briefly summarized this involved and lengthy case, the Court must now pass upon the propriety of the defendants' discovery requests. For the reasons which will follow, the Court hereby finds that the defendants' discovery requests are untimely, onerous, and inappropriate, and as such will grant plaintiff's motion for a protective order.

It is evident to the Court in this protracted case that the defendants' discovery requests must fail for the following reasons:

(1) The discovery sought for the first time in this action is untimely, since defendants' eleventh-hour requests come almost *eight years* after the filing and commencement of this action.

(2) Moreover, at no time prior to the appointment of the master was the need for discovery ever advanced by the defendants. In fact, the defendants failed to seek discovery from plaintiff at the time of the initial master's meeting in November, 1977. Discovery at this late date, eight months after the appointment of the master and upon the eve of hearings to be held before him, would surely produce serious dilatory ramifications with respect to such anticipated master's hearings.

(3) Denial of discovery will not unduly prejudice the defendants in this action, since liability has been ascertained and confirmed in this case, with only a ministerial, albeit technical, calculation of damages remaining in this action. The Court parenthetically notes that it has utmost confidence that the master will conduct the hearings both in orderly and equitable fashion and without any element of undue surprise upon either party to this action.

(4) This Court is unaware of any case which is precisely on point with respect to the present issues in this action. However, in *Associated Metals & Minerals Corporation v. S. S. Geert Howaldt,* 348 F.2d 457 (5th Cir. 1965), the Court of Appeals for the Fifth Circuit, in an admiralty case, did affirm a district court's denial of a discovery request which was found to be unexplainedly untimely. The Appellate Court stated at page 459:

. . . [P]arties do not have the unrestrained right of discovery in all circumstances. The discovery rules vest

broad discretion in trial courts. . . . Trial courts have the right to exercise appropriate control of the discovery process when necessary and may deny, limit, or qualify it. Appropriate orders restricting the scope and manner of exercising discovery rights may be rendered in proper circumstances.

(5) The defendants' lengthy and tedious requests for discovery seek materials which may no longer be in existence or alternatively which may require considerable time, effort, and cost to produce, and as such, would place plaintiff in an unfairly burdensome position at this late date in the course of this case.

For the aforementioned reasons, therefore, the Court finds the defendants' requested discovery to be inappropriate. It is the opinion of the Court that the plaintiff has shown good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the purpose of which is to protect a party "from abuses flowing from the employment of the discovery rules." See 4 *Moore's Federal Practice* ¶ 26.78 at 26–558 (1976). Although it is rare indeed for a court to disallow discovery, this Court, in its discretion, hereby rules that the special circumstances in this case preclude the allowance of defendants' discovery requests. *See* Wright, *Law of Federal Courts* § 83. Preventing Abuse of Discovery (1976). As such, plaintiff's Rule 26(c) motion for a protective order is hereby granted.

In addition, the Court instructs and directs counsel in this case to make arrangements with the master to commence hearings at which the Federal Rules of Evidence are to be applicable, without further delay. Counsel for the plaintiff will prepare and submit for entry an order in conformity with this opinion.