I dissent. The majority's opinion that Ceat is subject to in personam jurisdiction is incorrect for two reasons. First, the record contains no evidence whatsoever of Ceat's present contacts with the United States, this region, or this state. Second, the contacts of Ceat with this state via an independent contractor, Duddy's, over eight years ago are insufficient to justify exercising jurisdiction over Ceat *Page 380 
A plaintiff's allegation of jurisdiction is generally sufficient to sustain the forum's power over a defendant Nevertheless, once jurisdiction is challenged, the plaintiff bears the burden of establishing a nonresident defendant's contact with the state. Rosemound Sand Gravel Co. v. LambertSand Gravel Co., 469 F.2d 416 (5th Cir. 1972). Discovery techniques are available to explore the extent of a defendant's contacts with the forum state. See Budde v. Ling-Temco-Vought,Inc., 511 F.2d 1033 (10th Cir. 1975); H.L. Moore Drug ExchangeInc. v. Kline French Laboratory, 384 F.2d 97 (2nd Cir. 1967);Associated Metals Minerals Corp. v. S.S. Geert Howaldt,348 F.2d 457 (5th Cir. 1965). Plaintiff simply did not sufficiently explore Ceat's contacts with the forum. The only evidence cited by the majority of Ceat's present contacts is the testimony of John H. Porosky that he "believed" Duddy's to be a nationwide concern. Porosky is an employee of a subsidiary of Ceat and is not responsible for private brand contracts of Ceat. Porosky is not privy to the business records of Duddy's nor did he attempt to introduce any business records into evidence. There is no evidence of where tires are distributed in the United States, where retailers of Ceat tires are located, or whether any Ceat tires have been sold in Alabama in the past eight years. Ceat and Duddy's may be nationwide concerns, but this Court can only rely on the evidence presented in the record. We may not properly assume that a defendant has contacts with the state
The Due Process Clause serves the primary function of protecting a defendant against the burden of litigating in an inconvenient forum. Although the permissible limits of due process have expanded in recent years, "it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts." Hanson v. Denckla,357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 858 (1958). The Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,567, 62 L.Ed.2d 490 (1980)
The majority fails to address the question of when jurisdictional contacts are measured. I believe the Due Process Clause of the Constitution is offended by holding that a defendant is subject to jurisdiction on the basis of its contacts eight years prior to institution of a suit against it. The principal contacts relied on by the majority to justify the assertion of jurisdiction over Ceat are contacts occurring eight years ago. The majority notes that Ceat sold tires to Duddy's in 1974, who distributed to retailers in nine states. The only tires sold in Alabama by Duddy's were sold in 1972 and 1973. Clearly, Ceat could not foresee being liable to suit in Alabama eight years later, a period beyond the normal life of a tire. By foregoing the privilege of conducting activity in Alabama for eight years, Ceat should gain assurance that it would not be liable to suit in Alabama
Ceat has no offices, employees or property in the United States. Plaintiff failed to prove that Ceat has any contacts with the forum. Due process requires that Ceat be protected from the burden of litigating in Alabama, a state which has no constitutionally cognizable contacts with Ceat
I would therefore affirm the trial court's dismissal of the action against Ceat on the basis of a lack of in personam jurisdiction
TORBERT, C.J., and EMBRY, J., concur *Page 381