88 N.J. Super. 18 (1965)
210 A.2d 434
JOSEPH J. MAGYAR, JR. AND RUTH T. MAGYAR, PLAINTIFFS,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, A CORPORATION OF THE STATE OF NEW YORK, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 19, 1965.
*20 Mr. Bruce Schragger for plaintiffs (Messrs. Schragger, Schragger & Lavine, attorneys).
Mr. David G. Eynon for defendants (Messrs. McCord, Farrell & Eynon, attorneys).
BENNETT, J.C.C. (temporarily assigned).
This is a motion by defendant Bell Telephone Company of Pennsylvania, which challenges the validity of service of process upon their corporation by registered mail, return receipt requested, pursuant to R.R. 4:4-4(d); and by personal service upon the registered agent of American Telephone and Telegraph, a New York corporation, authorized to do business in the State of New Jersey. Defendant Bell Telephone Company of Pennsylvania, *21 maintains that neither method of service was validly effected.
Plaintiff Ruth T. Magyar was involved in an automobile accident on or about March 10, 1964 on U.S. Route 1 going towards Philadelphia, in Falls Township, Bucks County, Pennsylvania. She was severely injured by a vehicle driven by Edna A. DeNicola, who, it is alleged, was an agent, servant or employee of the Bell Telephone Company of Pennsylvania.
This court is asked to determine whether the presence of American Telephone and Telegraph Company in New Jersey, and its relationship to Bell Telephone Company of Pennsylvania, as enumerated in the affidavits, constitute the type of relationship or activity required to constitute "minimum contact" within the contemplation of prior decisional law. This court will also comment on whether there has been other activity which would subject defendant Bell Telephone Company of Pennsylvania, in personam, to the jurisdiction of this court without offending "traditional notions of fair play and substantial justice."
Relying on Hoagland v. Springer, 75 N.J. Super. 560 (App. Div. 1962), affirmed 39 N.J. 32 (1962), plaintiff's main thesis attempts to establish that American Telephone and Telegraph Company and Bell Telephone Company of Pennsylvania are integral parts of an economic network comprising the "Bell System" which consists of American Telephone and Telegraph and its main telephone subsidiaries. Substantially, she maintains that Bell Telephone Company of Pennsylvania cannot exist without American Telephone and Telegraph Company, and that personal service upon the parent, American Telephone and Telegraph, is, in effect, service upon the subsidiary Bell Telephone of Pennsylvania.
Plaintiff's affidavits reveal that American Telephone and Telegraph Company owns 100% of Bell Telephone Company of Pennsylvania's stock, and that substantial advertising is done for the "Bell System." Utilizing the annual reports of American Telephone and Telegraph Company and Bell Telephone *22 Company of Pennsylvania, she attempts to show other indicia of cohesion by reference within those reports to a consolidated balance sheet, an outstanding advance from American Telephone and Telegraph Company to Bell Telephone Company of Pennsylvania, and miscellaneous data on the entire "Bell System," such as total gains in telephones, lines, income, employee benefits, incentive programs, total costs of operation and expenditures of the entire system. Reference is also made by plaintiff to a director of the Bell Telephone Company of Pennsylvania who also serves as an executive vice-president of American Telephone and Telegraph Company.
Defendant Bell Telephone Company of Pennsylvania discloses that it is incorporated in the Commonwealth of Pennsylvania and has its own board of directors and corporate officers. It maintains no office, agent or service to conduct any business in the State of New Jersey. It does not solicit any business from New Jersey residents. The company owns no equipment, buildings or real estate in New Jersey, nor does it have any bank accounts in this State.
Can it factually and realistically be contended that American Telephone and Telegraph Company so dominates the activities of the Bell Telephone Company of Pennsylvania or that the Bell Telephone Company of Pennsylvania is an alter ego, created to fulfill its needs?
In Hoagland v. Springer, supra, defendant Cummins Diesel Michigan, Inc. authorized the New Jersey distributor to repair a diesel truck engine it had previously sold and installed in Michigan. Defendant was one of 50 independent distributors of an Indiana manufacturer. Working under distributorship arrangements involving close ties with the manufacturer and cooperation among distributors, defendant frequently exchanged needed parts with its New Jersey counterpart, and the latter was occasionally authorized to service engines sold by defendant. The engine exploded on the New Jersey Turnpike and the driver of the truck was injured. He instituted an action for damages against defendant and others in New *23 Jersey, with process being made on Cummins Diesel Michigan, Inc. by registered mail. Upon challenge of its jurisdiction, the court concluded that the economic realities of the arrangement among the manufacturer and the distributors yielded "one, cohesive, economic unit" in the pursuit of business profits, and supported the assertion of jurisdiction over the Michigan defendant. As the court remarked:
"We cannot disregard the economic realities of the situation exposed by the record in this case. Indiana and its distributors form one, cohesive, economic unit. In the pursuit of business profits and their general economic well-being they are all concerned with the successful selling and servicing of Indiana's products, but for whose existence neither the mother company nor its distributors would have any reason for being." (at p. 569; emphasis supplied)
And the court added:
"We agree with the trial judge that Michigan [the seller] had a sufficient continuous contact with this State to satisfy our concept of due process, and that to permit plaintiff to maintain his complaint and Springer to maintain his cross-claim, against Michigan will not offend our traditional notions of fair play and substantial justice. To conclude otherwise would, in the words of the trial judge, permit Michigan to receive the fruits of its New Jersey activities without the attendant liabilities which should go with it." (at p. 570; emphasis supplied)
In Taca International Airlines, Inc. v. Rolls Royce Ltd., 84 N.J. Super. 140 (Law Div. 1964), the court found that the three Rolls Royce defendants were parts of one cohesive economic unit, after factually examining their relationship to one another. Rolls Royce, Inc., a Delaware corporation, was created to fulfill the needs of Rolls Royce, Ltd., an English corporation, within the United States. Divorced from the English and Canadian corporations, the Delaware Rolls Royce corporation had no purpose for remaining in existence. The court held that the English and Canadian corporations were subject to the jurisdiction of the court without violating the due process clause of the Fourteenth Amendment of the United States Constitution. Their ties with the Delaware corporation constituted "the minimum contacts" necessary for *24 a finding of jurisdiction consistent with the demands of "fair play and substantial justice."
In the instant case the court finds factually and realistically that American Telephone and Telegraph Company and Bell Telephone Company of Pennsylvania are separate corporate entities. The court does not find the operational purposes of Bell Telephone Company of Pennsylvania and American Telephone and Telegraph Company so intertwined as to make the one unnecessary without the other. It has been held that where one corporation owns 100% of another corporation's stock, this is not a conclusive presumption of subservience. The court must pierce a multiplicity of formalities and relationships to determine whether the particular corporate form is a shield behind which injustice is sought to be done by those who control the corporation. Mueller v. Seaboard Commercial Corp., 5 N.J. 28 (1950). See also Irving Investment Corp. v. Gordon, 3 N.J. 217 (1949); Ross v. Pennsylvania R.R. Company, 106 N.J.L. 536 (E. & A. 1930).
This court can find no exploitation of the forum state for profit by Bell Telephone Company of Pennsylvania. In Berry v. Pennsylvania R.R. Company, 80 N.J. Super. 321 (Law Div. 1963), the court found that Pennsylvania Railroad Company was authorized to solicit business on behalf of the Southern Railway System in New Jersey. The court found the solicitation of passengers constituted activity on the part of Southern within this State so as to subject it, in personam, to the jurisdiction of our courts.
And in Hoagland v. Springer, supra, the court found facts to warrant recognition of the New Jersey distributor as the special agent of defendant, and based its decision on the ground of economic reality. Defendant's scheme for success depended partially upon dealings with the New Jersey distributor which resulted in an economic benefit to defendant. Being unwilling to allow defendant "the fruits of its New Jersey activities without the attendant liabilities," the court granted jurisdiction.
*25 This court does not imply that where there is no exploitation for profit, it automatically follows there is no jurisdiction. Other contacts may appear and supply the requisites for fair play.
Bell Telephone Company of Pennsylvania and American Telephone and Telegraph Company have maintained their separate identities. As the court indicated in dictum in Dowd v. Boro Drug, Inc., 70 N.J. Super. 488 (App. Div. 1961), it continued to recognize the vitality of the doctrine enunciated in Cannon Mfg. Co. v. Cudahy Packing Company, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1924), that where the parent and its subsidiary are separate corporate entities, jurisdiction must be denied. As American Telephone and Telegraph Company does not procure customers or act in any way on behalf of Bell Telephone Company of Pennsylvania in the State of New Jersey, this court holds that personal service upon the registered agent of American Telephone and Telegraph Company was ineffective.
The court will comment briefly on the validity of service of process on defendant Bell Telephone of Pennsylvania by registered mail, return receipt requested, pursuant to R.R. 4:4-4(d). The pertinent portion of the rule reads:
"* * * or, if service cannot be made upon any of the foregoing and the corporation is a foreign corporation, then, subject to due process of law, by mailing, registered mail return receipt requested, a copy of summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office."
R.R. 4:4-4(d) was amended in 1958 to allow such service of process after all other methods of service had been exhausted. Berry v. Pennsylvania R.R. Company, supra. R.R. 4:4-4(d) was also amended to allow for service of process on foreign corporations by serving any employee found within the State acting in discharge of his duties. Both of these amendments arose out of a change in the concept of due process of law as enunciated in the case of International Shoe Co. v. State of *26 Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), where the court remarked:
"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, he shall have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" (326 U.S., at p. 316, 66 S.Ct., at p. 158; emphasis supplied)
See also McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Kurland, "The Supreme Court, the Due Process Clause and the In Personam Jurisdiction of State Courts  From Pennoyer to Denckla: A Review," 25 U. Chi. L. Rev. 569 (1958); "Developments in The Law  State-Court Jurisdiction," 73 Harv. L. Rev. 909, 919-934, 998-1017 (1960); Note, 47 Georgetown L.J. 342, 357, 352 (1958).
In Malavasi v. Villavecchia, 62 N.J. Super. 510 (Law Div. 1960), a foreign corporation (Maryland) that manufactured an alleged defective ladder was served by registered mail, and it was held that such service was good and that New Jersey had jurisdiction because the foreign corporation distributed its ladder through Sears, Roebuck and Company, and in addition had engaged U.S. Testing Company of Jersey City. This ladder bore a stamp, "Tested by U.S. Testing Co." This contact was considered as a sufficiently "minimum contact" with New Jersey to require the foreign corporation to defend the action in New Jersey.
In Malavasi v. Villavecchia, supra, the court, quoting from 47 Georgetown L.J. 342, 351, 352, noted that three rules can be drawn from the federal cases to determine "fair play and substantial justice":
"(1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction *27 may be by mail only. A single event will suffice if its effects within the State are substantial enough to qualify under Rule Three.
(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of defendant in the forum state there would still be a `substantial minimum contact.'
(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of `fair play' and `substantial justice.' If this test is fulfilled, there exists a `substantial minimum contact' between the forum and the defendant. * * *" (at pp. 518, 519)
In the instant case plaintiff's affidavits indicate that much of the advertising is circulated and ordered for the "Bell System." In Dowd v. Boro Drug Inc., supra, the court held there was not sufficient contact with New Jersey, even though the New York corporation advertised in national magazines circulating in New Jersey. As the court commented:
"* * * Neither the diligence of counsel nor our own research has been able to unearth any case holding that in personam jurisdiction over a foreign corporation may be invoked solely upon the basis that the products are retailed in the forum state and are advertised in a national publication circulating there." (70 N.J. Super., at p. 499; emphasis supplied)
Plaintiff has also suggested that "minimal contacts" exist between New Jersey and Bell Telephone Company of Pennsylvania because a party can dial Bucks County, Pennsylvania, without receiving charges on his New Jersey telephone bill. She further contends that any person can dial Pennsylvania "Information" and be connected with a Pennsylvania operator, who will give that person information throughout the State of Pennsylvania. Conversely, a party can dial New Jersey "Information" and will be able to receive from the New Jersey operator numbers in Morrisville and Yardley, Pennsylvania.
However, defendant informs the court that it is not unique for a local dialing service area in one state "to encompass a *28 portion of a geographical area in another State." The relevant portion of the affidavit states:
"* * * The local service dialing area of Trenton does include some adjacent portion of Pennsylvania, such as Morrisville. Similarly, in the situation with inter-city toll calls, a person can dial through to the destination of his call or can reach the information service in that locality with equal facility, whether his call goes to a telephone of the Bell Telephone Company of Pennsylvania in Pennsylvania, close to the State of New Jersey, or is going to a telephone served by a wholly independent company in Pennsylvania or is going to a telephone company thousands of miles away on the Pacific Coast. The inter-connection systems are substantially identical throughout the United States and not unique to areas adjacent to the State of New Jersey." (Emphasis supplied)
Further, defendant maintains in its affidavit that the interconnection of telephone lines of Bell Telephone Company of Pennsylvania with the lines of other Bell companies, or with independent companies, is a requirement of the Federal Communications Commission. The telephone companies, as a captive group, are found to interconnect in the interest of the nation and the convenience to the public. The court agrees with the reasoning in Glaser v. Pennsylvania R.R. Company, 82 N.J. Super. 16 (Law Div. 1963), that when a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state; but when it is forced to make connections for reasons of national interest or convenience, "the requisite minimum contact" does not appear.
The court has recognized that in personam jurisdiction is not merely a "mechanical or quantitative" concept, and it has attempted to estimate the question of inconveniences to the parties in relation to the fair and orderly administration of the law. In personam jurisdiction is an expanding concept. Its course has not yet been fully chartered in our higher courts. Conceivably, service of process on a majority stockholder, advertisements circulated in the forum state, or other respectable interpretations of law will appear and prove to be *29 a constitutionally acceptable basis for a further breakdown of territorial jurisdiction.
However, this court can only look to the authorities and prior decisions for guidance and understanding. It cannot make law, or indulge in speculation on what the suggested implications or extensions of in personam jurisdiction ought to be.
Defendant's motion to quash the service of process pursuant to R.R. 4:12-2 is granted. The court holds that both methods of service were improper.
An order may be submitted incorporating the views expressed herein.