In re JOHN KOKE CO.

HAESE v. A. R. DEMORY INV. CO.

No. 5954.

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1930.

Rehearing Denied March 31, 1930.

A. S. Gold, of Los Angeles, Cal. (Francis F. Quittner, of Los Angeles, Cal., of counsel), for appellant.

John William Heaney and Francis Price, both of Santa Barbara, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

October 26, 1927, John Koke was the owner of eighty of the eighty-two shares of the capital stock of the John Koke Company, a corporation. On that date Koke borrowed from A. R. Demory the sum of $11,000, executing his individual promissory note therefor, secured by a deposit or the delivery of the eighty shares of the capital stock of the John Koke Company and certain insurance policies on the life of the maker of the note. The money was borrowed for the use and benefit of the John Koke Company to enable it to pay off its indebtedness and discount its bills, and the money was so used. The purpose for which the money was to be used was made known to the lender when the loan was made. The promissory note was not paid at maturity, and in May, 1928, the A. R. Demory Investment Company, to which the note had been indorsed, commenced an action on the note against John Koke and recovered a judgment thereon. July 5, 1928, the John Koke Company and John Koke, as an individual, filed voluntary petitions in bankruptcy; the obligation to the investment company being listed as a debt of John Koke, not of the John Koke Company. Later, the investment company filed its claim against the John Koke Company, and from an order of the District Court approving an order of the referee allowing the claim, the present appeal was prosecuted.

The rule is quite elementary that a corporation is an entity separate and distinct from its stockholders, with separate and distinct rights and liabilities; and this is true even though a single individual may own all, or nearly all, of the capital stock. True, courts, in exceptional cases, will look behind the corporate form in order to redress fraud, protect the rights of third persons, or prevent a palpable injustice; but there is no reason for invoking any such exceptional rule here, because it is not claimed that there was fraud, concealment, or even ignorance of any material fact in the original transaction. On the contrary, the lender, with full knowledge of all the facts, and presumably with full knowledge of the legal consequences of his act, elected to take the promissory note of the individual, secured by collateral, and there is no reason that we can conceive of why he, and those claiming under him, should not now be bound by the election thus made, in view of the possible intervening rights of other creditors. Lynch v. McDonald, 155 Cal. 704, 102 P. 918; Lawton v. Dargan (C. C. A.) 238 F. 303.

Inasmuch as there was no conflict in the testimony, the rule invoked by the appellee, that an appellate court will ordinarily accept the findings of the referee approved by the trial judge, is without application.

The decree is reversed, with directions to disallow the claim.