MATTER OF ALLAN GEE, INC.

In Visa Petition Proceedings

A-22858693

*Decided by Acting Regional Commissioner June 27, 1979*

(1) Where a petitioner corporation has been duly incorporated under the laws of a State, it is a separate legal entity existing independently of its stockholder. Therefore, that sole stockholder may be the beneficiary of a petition filed by the corporation to accord preference classification under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6).

(2) Under these circumstances, the beneficiary will not be regarded as his own petitioner/employer for purposes of 20 C.F.R. 656.50 or section 203(a)(6).

ON BEHALF OF PETITIONER: Richard J. Pettler, Esquire
9952 Santa Monica Boulevard
Beverly Hills, California 90212

The petition was denied by the District Director, Houston, Texas, and is now considered on certification.

The petitioner is engaged in the business of retailing high fashion clothing for men. The petitioner is a Texas corporation presently employing six persons. The petitioner seeks the services of the beneficiary as a corporate executive to control and manage the petitioner's business in Houston, Texas.

The beneficiary is a native and citizen of South Africa. A nonimmigrant petition to classify the beneficiary as a nonimmigrant intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), was approved by the District Director at Houston, Texas, on November 9, 1977. His nonimmigrant classification was simultaneously changed from visitor for business to intra-company transferee with an authorized stay to November 8, 1978. The petition presently under consideration was filed on May 25, 1978.

The District Director denied the petition and certified his decision to me. It was held that the petitioner, Allan Gee, Inc., is owned in its entirety by the beneficiary and therefore, a bona fide employer-employee relationship between Allan Gee, Inc. and the beneficiary does

not exist. In arriving at this conclusion, Department of Labor regulations, 20 C.F.R. 656.50(E)—Definitions, were relied on. The pertinent portion of these regulations read as follows:

> "20 C.F.R. 656.50(E)—Definitions, states (1) "Employer" means a person, association, firm or a corporation which currently has a location within the United States to which U.S. workers may be referred for employment, and which proposes to employ a full time worker at a place within the United States or the authorized representative of such a person, association, firm or corporation. For the purpose of this definition an "authorized representative" means an employee of the employer whose position or legal status authorizes the employee to act for the employer in labor certification matters. (2) "Employment" means permanent full time work by an employee for an employer other than oneself. For the purposes of this definition an investor is not an employee."

The District Director additionally cited a general American Jurisprudence definition:

> "53 Am. Jr. 2d, Master and Servant, S.2: While it is said that at common law there are four elements which are considered upon the question whether the relationship of master and servant exist-namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of control of the servant's conduct; the really essential element of the relationship is the right to order and control another, the servant, in the performance of work by the latter, and the right to direct the manner in which the work shall be done. It is, moreover, essential that the master shall have control and direction not only of the employment to which the contract relates, but also of all of its detail and the method of performing the work. . . . In view of some courts, it is also necessary that this work be performed on the business of the master or for his benefit."

> "In determining whether the right of control exists, possession of either power to employ or the power to discharge is regarded as very strong evidence of the existence of the master and servant relationship, whereas the payment of wages is the least important factor."

On appeal, counsel argues that the District Director's decision completely disregards the very essence of corporate law, namely, that the corporation itself is an entity separate and apart from the shareholders which control it. He adds that this concept is basic to corporation law throughout the various states and has been repeatedly reaffirmed by the United States Supreme Court. *Old Dominion Copper Mining & S. Co.* v. *Lewisohn*, 210 U.S. 206 (1908); *Cort* v. *Ash*, 422 U.S. 66 (1975). These arguments have merit. In the *Matter of M—*, 8 I&N Dec. 24 (BIA 1958, A.G. 1958), the Board of Immigration Appeals held, ". . . It is an elementary rule that a corporation is a legal entity separate and distinct from its stockholders, and this is true even though one person may own all or nearly all of the capital stock (*Dalton* v. *Bowers*, 287 U.S. 404, 408, 410 (1932); *Cannon Manufacturing Co.* v. *Cudahy Packing Co.*, 267 U.S. 333 (1925); *Haese* v. *A.R. Demory Investment Co.*, 38 F.2d 232 (9 Cir. 1930), *cert. denied* 282 U.S. 841 (1930))." The fact that one person owns a majority or all of the stock in a corporation, does

not, of itself, make him liable for the debts of the corporation, and this rule applies even where an individual incorporated his business for the sole purpose of escaping individual liability for corporation debts. 18 C.J.S. Corporations 3581.... "The cases in which the corporate entity is to be disregarded are principally those in which fraud or illegal acts are attempted by means of the corporate device."

Counsel, in his brief, states, "It is manifestly evident that the corporation has entered into an employment agreement with the beneficiary, Allan Goldman, and that this employment agreement has been fully performed by the beneficiary and is continuing to be performed by said beneficiary."

It is noted that the viability of the petitioning firm was not challenged or discussed in the District Director's denial. The record clearly reflects that the petitioning corporation has established a successful retail business in the United States. The corporation is duly incorporated under the laws of the state of Texas and as such is a legal entity distinct from its sole stockholder. It is, therefore, held that the petitioning corporation may properly petition for the beneficiary's services.

The record does not reflect that the District Director considered the beneficiary's eligibility for precertification under Schedule A, Group IV, 20 C.F.R. 656, and the record will be remanded to afford the District Director to make such a determination. If the decision of the District Director is adverse to the petitioner, the decision will be certified to the Regional Commissioner for review.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: In the event of a decision that is adverse to the petitioner, the District Director shall certify his decision to the Regional Commissioner for review.